## MUNSON S. S. LINES v. NEWMAN.

Circuit Court of Appeals, Fifth Circuit.
February 25, 1928.

No. 5129.

1. Shipping ⊚⇒84(3½)—Ship held liable for injury to stevedore from breaking of unsound dunnage plank, though competent stevedore was employed for unloading.

It is the duty of a ship initially to exercise due diligence to furnish stevedores a safe place to work, and she cannot escape liability for injury to a stevedore in unloading, from breaking of an unsound dunnage plank, by showing that a competent stevedore was employed for loading.

2. Evidence ⊚⇒10(6)—Court judicially knows that distance between Miami and Jacksonville exceeds 100 miles, authorizing taking deposition (Rev. St. § 865 [28 USCA § 641]).

Objection to deposition taken under Rev. St. § 865 (28 USCA § 641), at Miami for use at trial at Jacksonville, is without merit, as court will take judicial notice that distance between such cities is more than 100 miles, thus authorizing taking of deposition.

Appeal from the District Court of the United States for the Southern District of Florida; William I. Grubb, Judge.

Suit in admiralty by Arthur Newman against the Munson Steamship Lines. Decree for libelant, and respondent appeals. Affirmed.

Crate D. Bowen, of Miami, Fla. (L. S. Julian and Shutts & Bowen, all of Miami, Fla., on the brief), for appellant.

Robt. L. Shipp, of Miami, Fla. (Shipp, Evans & Kline, of Miami, Fla., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. [1] This is an appeal from a decree in admiralty awarding

damages for a personal injury sustained by appellee while he was employed as longshoreman and engaged in unloading cargo. A piece of plank used as dunnage was unsound, and broke under appellee's weight, causing him to lose his balance, with the result that a box of freight which he was lifting fell on him and injured him.

The negligence charged in the libel was the failure to use reasonable care to provide a safe place for the stevedore and his longshoremen to work. It is insisted on this appeal that the failure to use sound boards for dunnage was the fault of the stevedore who loaded the ship, and that the owners are not chargeable with negligence. It is the duty of the ship initially to exercise due diligence to furnish the stevedore with a safe place to work, and she cannot escape liability by showing that a competent stevedore was employed at the loading port when the accident occurs in unloading.

[2] Objection was made to the deposition taken at Miami for use in the trial at Jacksonville. The deposition was taken under section 865 of the Revised Statutes (28 USCA § 641), on the ground that the witness was at a greater distance than 100 miles from the place where the court was sitting. There is nothing in the objection, as this court will take judicial notice that the distance between the cities named is more than 100 miles.

The decree is affirmed.