PER CURIAM.
The appellees, operators of taxicabs licensed by the appellant, City of Miami Beach, filed a chancery action seeking a declaration of rights relative to certain provisions of the Code of the City regulating the minimum charging of taxi fares. It was the contention of the City that under its Code a taxi driver is required to charge the metered fare and that the taxicab operators had no power or authority to charge a flat rate between any point in the City of Miami Beach and Miami International Airport, which is beyond the municipal limits of the appellant. There were no facts in dispute, and the matter came on for final hearing, which resulted in a final decree enjoining the City of Miami Beach, its officials, employees, etc., from molesting, arresting or otherwise harassing the appellees for allegedly violating the Code of the City of Miami Beach for charging a flat rate less than the metered fare.
We affirm the action of the chancellor. Undoubtedly the City of Miami Beach has the power and authority to determine the rates within the confines of the municipality, [see: § 323.05(3), Fla.Stat., F. S.A.] and, undoubtedly, it may also control rates within the immediate environs of a municipality [see: § 323.05(3), supra]. But, the extent of the authority to control rates within the immediate environs is limited by the provisions of § 323.05(3), supra, which provides that the police officials of a given municipality may enforce such a regulation within the immediately adjacent suburban territory.
This court is permitted to take judicial notice of the geographical boundaries of municipalities within Dade County. See: Frink v. Orleans Corporation, 159 Fla. 646, 32 So.2d 425; Brack v. Carter, 160 Fla. 845, 37 So.2d 89; 13 Fla.Jur., Evidence, § 31. This court is also permitted to take judicial notice of distances, [see: Munson S. S. Lines v. Newman, 5th Cir., 1928, 24 F.2d 416; 13 Fla.Jur., Evidence, §§ 13, 14, 15] and we note that Miami International Airport, which is located in the unincorporated area of Dade County, Florida, is at least eleven miles from the boundary limits of the City of Miami Beach. We also note that in order for a taxicab to deliver a passenger from within the City limits of the City of Miami Beach to Miami International Airport it must of necessity either go through the City of Miami or through the municipalities of North Bay Village and then through the City of Miami; or through the municipalities of Surfside, Bay Harbor Islands, North Miami and the City of Miami, before reaching the airport. It therefore appears that the appropriate agency for the regulation of fares between points within the City of Miami Beach and Miami International Airport would be the Florida Railroad and Public Utilities Commission, and it appears-from this record that the appellees have been so licensed. See: Dade County v. Mercury Radio Service, Inc., Fla.1961, 134 So.2d 791.
Therefore, the final decree here under review is hereby affirmed.
Affirmed.