134 So.2d 791 (1961)
DADE COUNTY, a political subdivision of the State of Florida, Appellant, and
Yellow Cab Company of Miami, Inc., et al., Intervening Appellants,
v.
MERCURY RADIO SERVICE, INC., et al., Appellees.
No. 31123.
Supreme Court of Florida.
November 1, 1961.
Rehearing Denied December 11, 1961.
*792 Darrey A. Davis, County Atty., Miami, and Clyde Trammell, Jr., Asst. County Atty., Tallahassee, for appellant.
Shutts, Bowen, Simmons, Prevatt & Boureau and William P. Simmons, Jr., Miami, for appellees.
PER CURIAM.
There are 909 taxicabs owned by 99 different individuals and taxicab companies in Dade County. All of them are licensed and regulated by one of the 26 municipalities in Dade County. Additionally, appellees and others operate under what are called master permits issued by the Florida Railroad and Public Utilities Commission. September 9, 1958, the Board of County Commissioners of Dade County enacted Ordinance 58-35 [Chapter 31 of the Code of Metropolitan Dade County, Florida], governing the operation of taxicabs and other vehicles for hire in the unincorporated areas of the county annd setting minimum standards for their operation, relying on §§ 1.01 (3) and 1.01A(18), Home Rule Charter for Dade County.
This suit was instituted by complaint filed in the Circuit Court of Dade County on the part of Mercury Radio Service, Inc., and others operating 135 taxicabs. The complaint prayed for injunction and declaratory relief. It alleged that each of the plaintiffs held permits from various municipalities in Dade County, as well as master permits issued by the Florida Railroad and Public Utilities Commission, hereinafter referred to as the commission; that plaintiffs did not wish to renew their permits obtained from Dade County pursuant to Ordinance 58-35, contending that said ordinance is void and unconstitutional and contravenes the provisions of the Dade County Home Rule Amendment, Section 11, Article VIII, Constitution of Florida, F.S.A., in so far as taxicabs are concerned.
The plaintiffs also contend that the commission has exclusive jurisdiction and authority to regulate the operation of taxicabs in the unincorporated areas of Dade County.
The petition prays that the court declare Dade County Ordinance 58-35 void and unconstitutional, in violation of Section 11, Article VIII, Constitution of Florida, in so far as it attempts to regulate taxicabs in Dade County; that the court declare Dade County Ordinance 58-35 unenforceable against taxicab owners or operators who hold master permits issued by the commission and that the court enjoin Dade County from enforcing the provisions of Ordinance 58-35.
To the said complaint Dade County filed an answer and a counterclaim for injunction and declaratory decree. In its answer the county admits that in case of conflict between the provisions of Ordinance 58-35 and any regulation of the commission, said commission's regulation will prevail, but it says there are no such conflicts. The answer of the county alleges that, as a matter of fact, the plaintiffs assisted and participated in procuring the passage of Ordinance 58-35 and are, therefore, estopped to question the validity of said ordinance.
The answer of the county further alleges that the commission approved, and still approves, the regulation of taxicabs in Dade County by the defendant pursuant to its special charter authority; that said commission has permitted and encouraged defendant to engage in such regulation from its inception; that the administrative interpretation by the commission of its own powers is entitled to great weight; that regulation of taxicabs by said commission in Dade County is extremely limited in scope and effect and that the supplemental regulation provided by defendant is desperately needed, in the public interest; that the rights, powers and duties of the commission will be affected by the outcome of this suit and that the said commission should be made a party hereto.
*793 By counterclaim Dade County alleged that on September 9, 1958 pursuant to the provisions of Section 11, Article VIII, Constitution of Florida, and the Home Rule Charter, the Board of County Commissioners enacted Ordinance 58-35, which in no way limits, restricts or conflicts with the jurisdiction of the commission, but is supplemental to and in aid of the regulations of said commission.
The counterclaim of Dade County further alleges that the plaintiffs have no franchise and vested right to use defendant's roads, for whose maintenance and safe condition defendant is responsible, for private commercial purposes without subjecting themselves to reasonable regulation by defendant.
The counterclaim also alleges that defendant is in doubt regarding the scope and extent of its regulating powers over the plaintiffs. It further says that there is public doubt and confusion regarding the scope and extent of defendant's powers to regulate the plaintiffs all of which operate in derogation of orderly public administration.
The counterclaim of the county prayed for an order bringing in the commission requiring it to admit, answer or join in the counterclaim pursuant to Rule 1.13(8) of the Florida Rules of Civil Procedure, 30 F.S.A., and that the court
"a. Determine and declare the rights, powers, duties, status or other equitable or legal relations between the parties hereto under Section 11 of Article 8 of the Constitution, as amended, the Dade County Home Rule Charter and Dade County Ordinance No. 58-35 (Chapter 31 of the Code of Metropolitan Dade County, Florida), and Chapter 323, Florida Statutes, the rules and regulations promulgated by the Florida Railroad and Public Utilities Commission, and the administrative interpretation of the said Commission.
"b. Determine and declare whether there is any conflict between the said county ordinance, the general statutes, and the rules and regulations of the said Commission, as interpreted by the Commission, and, if such conflict is found to exist, determine the scope and effect of such conflict.
"c. Determine and declare whether the defendant has in any wise attempted to limit or restrict the power and jurisdiction of the said Commission, or whether, as intended, the defendant has enacted legislation pursuant to valid and specific charter authority, and supplemental to and in aid of such power and jurisdiction.
"d. If the Court finds that the said Ordinance 58-35 is a valid and proper exercise of charter authority, enjoin the plaintiffs, and each of them, from further violation of the said Ordinance."
The plaintiffs, Mercury Radio Service, Inc., et al., filed an answer to the counterclaim of Dade County wherein plaintiffs deny the allegation that defendant and the commission have worked in cooperation and in harmony to regulate taxicabs in Dade County; plaintiffs deny that said commission requires taxicab operators in Dade County to obtain a permit from the defendant before obtaining a master permit from the commission; plaintiffs deny that the commission is a necessary party to this cause; plaintiffs' rights to operate taxicabs in Dade County have been fixed and determined by action of said commission under law and rules of the commission and said rights can be adjudicated as a matter of law without said commission being a party to this suit.
September 28, 1960, the chancellor entered summary final decree for the plaintiffs enjoining the defendant from enforcing the provisions of Ordinance 58-35 against plaintiffs, and dismissing the counterclaim of the defendant.
*794 From said summary final decree Dade County appealed to the District Court of Appeal, Third District. Yellow Cab Company of Miami, Inc., et al., who were permitted by the chancellor to intervene as parties defendant, joined in the appeal. The intervenors contend that Ordinance 58-35 is valid and enforceable against plaintiffs. On motion of the plaintiffs, the district court transferred the cause to this court.
The parties to this cause are at variance as to what terminology should clothe the questions presented. It would seem that the first question may be appropriately stated as follows: In view of Ordinance 58-35, may Dade County lawfully regulate taxicabs operating in the unincorporated areas of the county, or is the regulation of taxicabs operating in the unincorporated areas of Dade County exclusively in the hands of the commission?
At the outset it will help to point out that the taxicab business of appellees and others in like situation is affected by various provisions of Chapter 323, Florida Statutes, F.S.A. In addition to said statutory regulations, the appellees are regulated by more than 20 rules promulgated by the commission. Then Dade County Ordinance 58-35 purports to regulate the licensing of all taxicabs and other vehicles for hire operating in the unincorporated areas of Dade County. In addition to all these regulations, appellees are regulated by the municipalities in which they are domiciled. Examination of these regulations reveals much duplication. Appellees contend that their taxicab operations in the unincorporated areas in Dade County should be regulated exclusively by their state permits, while Dade County contends that they should secure county operating rights if they run outside their home municipalities.
Appellant, Dade County, contends that it may lawfully regulate the operation of taxicabs in Dade County and relies on the Home Rule Charter adopted pursuant to Section 11, Article VIII, Constitution of Florida. Section 1.01A(3) provides that the Board of County Commissioners as the legislative and governing body of Dade County shall have the power to license and regulate taxis, jitneys, limousines for hire, rental cars and passenger vehicles for hire operating in the unincorporated areas of the county.
Section 1.01A(18) of the Home Rule Charter provides that the Board of County Commissioners shall have the power to set reasonable standards for all governmental units in the county for the performance of any service or function.
Pursuant to these charter provisions, the Board of County Commissioners of Dade County enacted Ordinance 58-35 regulating the operation of taxicabs in the unincorporated areas of Dade County and providing that said ordinance shall constitute a minimum standard for all municipalities.
Appellant, Dade County, further contends that Ordinance 58-35 was enacted after consideration by the administrative personnel of the commission, as well as the taxicab operators herein involved. The commission allegedly encouraged adoption of the ordinance because of lack of means for effective regulation of taxicabs in Dade County.
Appellees contend that as applied to this case the cited provisions of Chapter 323, Florida Statutes, F.S.A., and the applicable provisions of Ordinance 58-35 present a clear conflict between the law of Dade County and the law of the state regulating the operation of taxicabs in the unincorporated areas in Dade County and that said conflict must be resolved in favor of the state laws by application of Dade County Home Rule Amendment, Section 11, Article VIII of the Constitution of Florida, the pertinent part as lifted from the Home Rule Charter being as follows:
(a) In subsection (5) that neither the Dade County home rule charter, nor any ordinance thereunder may conflict with any applicable general state laws except as expressly authorized in the constitutional amendment.
*795 (b) In subsection (6) that all general state laws remain applicable in Dade County "as if this section had not been adopted," and that all such state laws shall supersede any conflicting provision of the home rule charter and of any ordinance enacted thereunder.
At the time complaint was filed, appellees had for many years held state permits pursuant to § 323.05, Florida Statutes, F.S.A., which are attached to the amended complaint and marked Exhibits A, B, C, D, and G. Each of said permits is called a master permit, specifies the city in which the permit holder is domiciled, states that the permit holder's vehicle is "duly licensed and regulated by municipal ordinance in the city where the operator's principal place of business is located" and authorizes "occasional, unsolicited trips only" on the highways of this state, over irregular routes.
The chancellor found that the material facts in this case were not in dispute and granted summary final decree. In this the chancellor was correct but we are of the view that the state statutes and county ordinance discussed herein which regulate the operation of taxicabs in the unincorporated areas of Dade County do reveal very definite conflicts. We agree with the chancellor that under Sec. 11, Article VIII, Constitution of Florida, where such conflicts exist, the state statute is the dominant law. Consequently, Dade County Ordinance 58-35 is invalid and unenforceable in so far as it purports to regulate the operations of taxicabs in the unincorporated areas of Dade County. It is invalid and unenforceable both as to taxicab companies holding master permits issued by the commission, and as to taxicab companies regulated by ordinances of the various municipalities located within Dade County. This necessarily follows because of the terms of §§ 323.05(1) and 323.05(3), Florida Statutes, F.S.A. Section 323.05(1) provides:
"No auto transportation company shall operate any `for hire' motor vehicle on any public highway in this state in the transportation of persons or property for compensation without first having obtained from the commission a permit, which permit shall issue as a matter of right and of course when the provisions of this chapter and the laws of the state touching such motor vehicle operation have been complied with by the applicant."
Section 323.05(3), Florida Statutes, F.S.A., provides:
"No such permit shall be required in respect to the operation of `for hire' motor vehicles wholly within the limits of any incorporated city or town and the suburban territory immediately adjacent thereto, when such `for hire' carriage is regulated by the legislative body of such city or town. The ordinances, rules or regulations adopted by the legislative body of such city or town shall be applicable to `for hire' motor vehicles within the suburban territory immediately adjacent thereto and such cities and towns shall have police power to enforce such ordinances, rules or regulations in such suburban territory immediately adjacent thereto, over the roads and highways in such territory to the same extent as if the territory was within the corporate limits of such towns or cities. No such permit shall be required in respect to the private carriage or distribution of his own goods, wares or merchandise over public highways by any person using his own motor vehicles in such carriage."
Dade County Ordinance 58-35 requires every cab company to purchase a certificate of public convenience and necessity from Dade County to operate in the unincorporated areas of Dade County. By the above quoted statutes, no cab company is permitted to operate in this state without a master permit except those regulated by valid municipal ordinance which may operate within the regulating municipality and its immediate environs without the master *796 permit. Dade County Ordinance 58-35, therefore, conflicts with both §§ 323.05(1), 323.05(3), and that portion of § 323.05(2), Florida Statutes, F.S.A., which reads:
"* * * Provided, further, that the term `taxicab' as used herein shall be construed to include every motor vehicle of nine passenger capacity or less, including the driver, subject to municipal regulation, engaged in the general transportation of persons `for hire,' not on regular schedule or between fixed termini or over regular routes, but over the streets generally of said municipality, with occasional unsolicited trips beyond the boundaries, thereof."
In so holding we have not overlooked Section 1.01A(3) and Section 1.01A(18) of the Home Rule Charter and other provisions of law relied on by the county.
Appellants state their second question in the form of an exclamation: Dade County Ordinance 58-35 regulating taxicabs operating in the unincorporated areas and setting minimum standards for municipalities constitutes a valid and enforceable exercise of local legislative power authorized by Section 11, Article VIII, of the Constitution of Florida, and the Home Rule Charter.
It is admitted that the real question drawn from the exclamation is whether or not there is any conflict between Ordinance 58-35 and the general statutes of the State of Florida. We have heretofore held that such conflict exists, and being so it follows that Dade County Ordinance 58-35 is invalid and unconstitutional in so far as same purports to regulate the operation of taxicabs in the unincorporated areas of Dade County.
The third question urged by both parties to this suit has to do with whether or not the commission should have been made a party to this suit.
The appellant contends that it was reversible error for the chancellor to refuse to permit the commission to be made a party to this cause, and then hold invalid the commission's regulation recognizing the validity of Dade County Ordinance 58-35 while appellees rely on the bold assertion that the commission is neither a necessary nor proper party to the case.
Appellant contends that the crux of the controversy has to do with the constitutionality of Dade County Ordinance 58-35. Appellant further contends that the correct answer to this question is dependent upon whether such ordinance conflicts with any regulation promulgated by the commission or infringes on any of the powers and jurisdiction exercised by the commission.
In answer to the position of appellant, appellees point out that the commission did not seek to intervene and ask for any relief; that there is no dispute about the facts on which appellees seek relief; that the terms of appellees' operating rights are admitted; that they conform to statutory requirements and to the rules of the commission and it is not alleged that the commission has any additional facts to add. It is only the powers of Dade County and not those of the commission that are charged to be invalid. We accordingly are aware of no reason why the commission should have been made a party to its cause.
Two other questions are urged but one of them is without merit and the other is answered sufficiently in what we have said here.
The chancellor held, inter alia, (1) that so long as appellees confine their taxicab operations within the scope of the master permits issued by the commission pursuant to Chapter 323, Florida Statutes, they may operate anywhere within Dade County without obtaining additional operating rights from the county; (2) that the provisions of Ordinance 58-35 may not be enforced against appellees "unless and until they voluntarily make application to come within its terms"; (3) that "the ordinance is not invalid; it is merely unenforceable in *797 its present form against plaintiffs [appellees] while they have state operating rights"; (4) that "The Florida Railroad and Public Utilities Commission is neither a necessary nor a proper party to this cause"; and, (5) that "the foregoing findings are based upon the court's opinion that the Dade County Home Rule Amendment, Article VIII, Section 11, of the Florida Constitution, preserved the superiority of state general laws over ordinances enacted by Dade County so that the rights to operate taxicabs which have been issued to the plaintiffs by the Florida Railroad and Public Utilities Commission may not be impaired by any act of the county."
In summary, we hold (1) that Dade County Ordinance 58-35 is unconstitutional in so far as it purports to regulate the operation of taxicabs in the unincorporated areas of Dade County; (2) that the ordinance is invalid and unenforceable against appellees and others similarly situated, who hold master permits pursuant to § 323.05(1), Florida Statutes, F.S.A., quoted herein; (3) that the ordinance is invalid and unenforceable against appellees and others similarly situated, who are licensed and regulated by municipal ordinance pursuant to § 323.05(3), Florida Statutes, F.S.A., quoted herein, and who operate taxicabs wholly within said licensing municipality and the suburban territory immediately adjacent thereto, and (4) that the commission is not a necessary party to this suit.
It results that the chancellor's summary final decree is affirmed in the following particulars: (1) Wherein it enjoins Dade County from enforcing the provisions of Ordinance 58-35 against appellees; (2) wherein it holds that the commission was not a necessary party to this suit; (3) wherein it holds that the Dade County Home Rule Amendment, Article VIII, Section 11, of the Florida Constitution, preserved the superiority of the state statutes over ordinances enacted by Dade County; (4) wherein it dismissed the counterclaim of Dade County; and (5) wherein it granted the intervenor's petition to intervene.
The chancellor's summary final decree is reversed in the following particulars: (1) Wherein it holds that Ordinance 58-35 is constitutional in its entirety; (2) wherein it enjoins the enforcement of the ordinance only as to appellees; (3) wherein it enjoins the enforcement of the ordinance only as to cab companies holding master permits; and (4) wherein it holds that the ordinance is unenforceable against appellees unless and until they voluntarily make application to come within its terms.
Affirmed in part, reversed in part.
ROBERTS, C.J., and TERRELL, THOMAS, HOBSON, THORNAL and O'CONNELL, JJ., concur.
DREW, J., dissents.