PER CURIAM.
This is an appeal from the entry of a peremptory writ of mandamus ordering the city of Miami Beach to issue to the appel-lee a license to operate a “linen shop”. The writ was issued pursuant to a petition filed by the appellee wherein he alleged, inter alia, that he had, on February 27, 1963, applied to the city clerk for a license to operate a “linen shop” in Miami Beach and had duly complied with the provisions of § 17.15.1, Code of Miami Beach; that the appellants have continuously refused to issue the license; that said refusal is without justification. Appellants filed a motion to quash the alternative writ which was denied. After hearing on the merits, the trial court granted a peremptory writ.
The appellants have assigned numerous errors as grounds for reversal. The principal question involved is whether or not the petition for mandamus was prematurely filed.
It is appellants’ contention that, under the doctrine of exhaustion of remedies, appellee must first appeal to the city council before any court action may be instituted. We find that this contention has merit. The code of Miami Beach (§ 17.15.1) provides for an appeal to the city council of the city of Miami Beach by any individual aggrieved by any action of the city clerk in refusing to issue any license.
*670 The appellee contends here as he did before the trial court that the actions of the city clerk in failing to issue the license or reject the application were tantamount to rejection. It is apparent that the trial court also treated the city clerk’s failure to act as a rejection and upon that premise, issued the peremptory writ. Assuming without deciding that such conclusion on the part of the trial court was correct, the appellee has nevertheless failed to demonstrate his compliance with the terms of the city Code applicable in the event of a rejection. Since there has been no exhaustion of the administrative remedy provided,[1] the petition was prematurely filed.
In view of our holding, we deem it unnecessary to pass upon the other questions raised.
Accordingly, the peremptory writ is quashed and the cause is remanded with directions to dismiss the petition.
Reversed and remanded with directions.

. See State ex rel. Holland v. City of Eau Gallie, Fla.1953, 65 So.2d 877; DeCarlo v. Town, of West Miami, Fla.1950, 49 So.2d 596.