DURDEN, WILLIAM L., Associate Judge.
This case arises under and involves the interpretation and construction of Chapter *166 174, Florida Statutes, 1961, F.S.A., relating to civil service for police and firemen in cities and towns which have adopted such provisions.
The appellant, relator below, filed an action in mandamus in which he procured the issuance of an alternative writ commanding the appellees, respondents below, to reinstate him to the position of patrolman in the Police Department of the City of Margate, or show cause why they should not perform such duty. The trial court entered an order sustaining respondents’ motion to quash the amended alternative writ of mandamus and when the appellant refused to amend further entered a final judgment in favor of the appellees. The case therefore comes to this court on the sufficiency of the alternative writ to state a cause of action upon which relief may be granted. The discussion to follow will be based entirely upon the appropriate allegations of such alternative writ and the documents attached thereto and incorporated therein.
The City of Margate adopted the provisions of Chapter 174 by referendum approval of the electorate on September 9, 1958.
Section 174.04 provides for the creation of a municipal civil service board. Section 174.05 provides that “The civil service board shall adopt, enact, and amend a code of rules and regulations” which “shall contain rules and regulations for the appointment, employment and discharge of persons in all positions in the police and fire departments of said municipality * *
The alternative writ alleges that on or about October 1, 1960, the relator “was appointed to the police department of the City by the board pursuant to the competitive examination with civil service status”; and further “that by virtue of the Board’s failure to enact rules and regulations pertaining to a probationary period the relator was not serving in a probationary status either at the time of his appointment or at the time of his dismissal.” These allegations of the alternative writ and the law applicable thereto set the stage for the determination of relator’s first point. Stated simply, it is that since the civil service board had failed to enact rules and regulations governing probationary employment that there was no such thing and that therefore relator was of necessity a permanent employee. This position is wholly without justification. It could just as easily be argued that since the civil service board had not adopted any rules or regulations governing permanent employment that relator was of necessity a probationary employee. Neither argument is sound. Admittedly, the provisions of the statute are mandatory on the board but no penalty is specified for non-compliance. The correct interpretation would appear to be that in the absence of such governing rules and regulations the parties to the litigation are to be governed by the specific terms of the employment involved. Relator alleges no terms of employment. Relator’s first argument must fail for he has no clear and established legal right to a writ of mandamus simply because the board failed to adopt rules and regulations.
Section 174.10 provides that “the discharge of a permanent employee other than at the end of a probationary period shall not become effective” until adequate notice and specification of charges are given to the employee.
Obviously there may be probationary employees and until fulfillment of the period specified the employee does not acquire the benefits of permanent employment such as specification of charges and the right to a hearing.
A careful study of the amended alternative writ reveals that relator’s strongest allegations as to the terms of his employment are as set forth above; that he was appointed “with civil service status.” It is not alleged that he was engaged as a *167 permanent employee. It is not alleged that he was not employed for a probationary period. It is not alleged that he was employed for a specified period of time. In the absence of clear, direct allegations on this point, reference is made to the letter of discharge to the relator dated March 28, 1961, which relator incorporated into his amended alternative writ, the first paragraph of which reads, “This is to inform you that you have not served a satisfactory probationary period with this department from October 1, 1960, to date, which would warrant your appointment as of April 1, 1961, as a permanent employee of this department.” The inference comes through, loud and clear, that there was a period of probationary employment for six months involved and relator has failed to allege to the contrary, or even to deny such implication.
It is elementary that one is not entitled to a writ of mandamus against public officers where the right in question is doubtful and not clear and certain. See 21 Fla.Jur., Mandamus, Section 25, Page 331, where it is stated:
“To warrant the issuance of mandamus, not only must there be a legal right in the relator, but, owing to the extraordinary and drastic character of mandamus and the caution exercised by courts in awarding it, it is also important that the right whose enforcement is sought be clear and certain. The writ does not issue in cases where the right in question is doubtful or not complete, but merely inchoate, or where it depends on determination of controverted questions of fact.”
In 6 Fla.Jur., Civil Service, § 10, Page 9, it is stated:
“Civil service rules and regulations generally provide that appointees to civil service positions must serve a designated period of probation before the tenure becomes permanent in nature, and prior to the expiration of such probationary period, an appointee may be discharged summarily.”
Admittedly, the allegations before the Court do not show the existence of rules and regulations governing probationary employment but the specific employment of relator on a probationary basis is implied in the exhibits to the amended alternative writ and the relator did not directly allege to the contrary and under such circumstances he is not entitled to the drastic remedy of mandamus. . His amended alternative writ fails to show a clear legal right to the relief prayed for.
The judgment is affirmed.
ALLEN, Acting C. J., and SMITH, J., concur.