167 So.2d 866 (1964)
BOARD OF COUNTY COMMISSIONERS OF DADE COUNTY, Florida, Appellant,
v.
Mary BOSWELL, Appellee, and
A.F. Seward and Mary Seward, Intervening-Appellees.
No. 33046.
Supreme Court of Florida.
October 7, 1964.
Darrey A. Davis, Miami, for appellant.
Pruitt & Pruitt, Miami, for appellee.
Harold G. Featherstone and Seaman, Wolfe & Hollahan, Coral Gables, for intervening appellees.
DREW, Chief Justice.
The appellant controverts a decree of the Circuit Court for Dade County, holding County Ordinance No. 63-1,[1] which prohibits fortune-telling and similar occupations, to be "in contravention and in violation of the provisions of the Amendment to the State Constitution authorizing the creation of the Home Rule Charter for the County of Dade."
*867 The applicable portion of the Constitution referred to is Article VIII, Section 11(5) and (6), F.S.A. This provision preserves the legislative power to enact general laws relating to Dade County, and provides that no ordinance shall "conflict with * * * any such applicable general law except as expressly authorized herein." The sole express authorization relied on by appellant is the general provision of the constitutional amendment, subsection (1) (b), for power "to pass ordinances relating to the affairs, property and government of Dade County."
The decision of the court, upon complaint and answer in this proceeding for declaratory relief, was that the above constitutional provision against ordinances which "conflict with" general laws prohibits the enactment of an ordinance which outlaws occupations already regulated by F.S. Sections 205.41 and 205.411, F.S.A.[2] We conclude that the decree, by its disposition of the cause and issues before the court effectively defined the meaning and effect of the constitutional proscription in these circumstances so as to give rise to the appellate remedy in this court.[3]
The general statutes, supra, not only impose a license tax on the occupations in question, but also prescribe the conditions which must be fulfilled before a permit is issued. The authority of the county officers in the administration of the act is to "consider the application and the report of the clerk and order the permit either issued or denied. * * *" We are not persuaded by appellant's contention that this vests in the Board of County Commissioners absolute discretion to deny all permits with or without the ordinance here involved.
The applicable general law, supra, declares that an order denying or issuing such permit shall be based on a consideration of the conditions specified, and does not in terms permit contrary local provisions.[4] The decree of the court below correctly decides that the controverted ordinance, prohibiting the issuance of any such permit without regard to the statutory conditions, was in conflict with the general law and therefore invalid in the absence of express reservation under the home rule amendment. No other issue as to the scope *868 or validity of the ordinance is presented or determined in this proceeding.
Affirmed.
ROBERTS and CALDWELL, JJ., and SMITH, Circuit Judge, concur.
THOMAS, THORNAL and O'CONNELL, JJ., dissent.
NOTES
[1] "Section 2. Certain Occupations Prohibited. It shall be unlawful for any person * * * to practice, perform, or hold himself out to the public as, a fortune teller, clairvoyant, palmist, astrologer, phrenologist, character reader, spirit medium, absent treatment healer, mental healer, mind reader, or any occupation of a similar nature. * * *

"Section 3. * * * No county or municipal occupational licenses or permits shall be issued to any person to engage in such crafts. * * *
"Section 4. * * * The provisions of this ordinance shall not be construed to apply to regularly established churches chartered under the laws of the State of Florida, or to individuals functioning under the official jurisdiction of such churches, or to regularly ordained ministers of churches who are members of the Florida State Spiritualist Ministerial Association or whose charters are filed in the Library of Congress and on record in the State Capitol in Tallahassee, or to any non-profit organization operating for scientific purposes only; nor shall this ordinance be construed to apply to newspapers or other publications accorded publication mailing privileges by the United States Government."
[2] "205.41. Fortune tellers, clairvoyants, etc. Every fortune teller * * * and every person engaged in any occupation of a similar nature shall pay a license tax of one hundred dollars * * *."

"205.411. Same; county permit required; penalty
"(1) No license * * * required by § 205.41, shall be issued to any person unless such person holds a permit therefor given by the board of county commissioners of the county wherein such license is sought. No permit shall be issued until after the following conditions are fulfilled * * * [residence, character affidavits, investigation].
"(d) The Board of county commissioners shall consider the application and the report of the clerk and order the permit either issued or denied. * * *"
[3] Article V, Section 4. Florida Constitution.

The review by appeal in Dade County, et al., v. Mercury Radio Service, Inc., Fla. 1961, 134 So.2d 791, appears to be ample authority on the jurisdictional issue. In that case, as in this, the conclusion of the trial court (that the ordinance was invalid) rested simply upon a reference to that provision of the home rule amendment which preserves the superiority of state statutes. This and other decisions have to that extent qualified the earlier requirement in Armstrong v. City of Tampa, Fla. 1958, 106 So.2d 407, that the decree undertake to explain or define the constitutional language.
[4] For annotation of Florida cases applying the comparable rule of statutory preemption controlling local regulation by municipal corporations see 23 Fla.Jur. 118 and cumulative supplement. Related decisions cited by appellant are Boven v. City of St. Petersburg, Fla. 1954, 73 So.2d 232; Mitchell v. City of Birmingham, 222 Ala. 389, 133 So. 13; Cannon v. City of Dallas (Tex.Civ.App. 1953) 263 S.W.2d 288.