McCAIN, Judge.
Pursuant to F.S.1965, Section 205.411 (1), F.S.A.,[1] relator Katherine Johnson made application to the Board of County Commissioners of Seminole County for a permit and license to practice palmistry. Her application was accompanied by supporting evidence as required by the statute *67 and the clerk’s investigation report reflected that nothing could be found to prohibit the issuance of a license. Nevertheless the board declined to issue the permit. Katherine Johnson then sought mandamus to compel the board to issue her a permit. The alternative writ issued and then was quashed. It is from this order quashing the writ that relator now appeals. We reverse.
The legislature has determined the requisites for the practice of palmistry and embodied them in the language of F.S. 1965, Section 205.411, F.S.A. (now F.S. 1967, 205.351, F.S.A.). It is patent that the local boards of county commissioners cannot graft local provisions onto the statute nor can they rely upon their discretion in refusing to issue all permits to practice palmistry, thereby effectively outlawing the occupation.[2] The record reveals that the respondents did not deny the application for any failure of relator to meet the statutory requirements. Rather it appears they refused to issue the permit because they disapproved of the occupation of palmistry.
It is not disputed that relator met the statutory requirements for the issuance of a permit to practice palmistry. Respondents, however, contend that they may within their discretion deny the application on other considerations. This contention is without merit.[3]
Having demonstrated satisfaction of the statutory requisites relator thereby established a clear legal right to the permit. Mandamus was therefore a proper remedy.[4] Accordingly the order appealed is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and REED, JJ., concur.

. F.S.1965, Section 205.411, F.S.A. Same; county permit required; penalty.—
(1) No license to engage in tlie occupation of fortune-telling or any other pursuit for which a license is required by § 205.41, shall' be issued to any person unless such person holds a permit therefor given by the board of county commissioners of the county wherein such license is sought. No permit shall be issued until after the following conditions are fulfilled:
(a)The applicant shall have been a resident of Florida for at least two years and shall be a registered voter in the county where the permit and license are applied for.
(b) The applicant shall establish good moral character by not less than five reputable citizens of the county.
(c) The application shall be presented to the clerk of the board of county commissioners, who shall make investigation and examination of the applicant and report the results thereof to the board of county commissioners at its next regular or special meeting.
(d) The board of county commissioners shall consider the application and the report of the clerk and order the permit either issued or denied. The order of the board shall be made in triplicate, with the original given to the applicant, one copy to be retained by the clerk and one by the licensing official.

. Board of County Com’rs of Dado County v. Boswell, Fla.1964, 167 So.2d 866.

. Id.

. City of Miami v. State ex rel. Groner, Fla.App.1964, 164 So.2d 26.