CARROLL, Judge.
The appellee is the owner-operator of a business designated as an Adult Book Store, at a certain location in the City of Miami Beach. In addition to its occupational license for such business, appellee applied for a license for operation therein of five (coin operated) “mini movie” machines. That request was for the (license) fiscal year which commenced October 1, 1969.
The zoning classification assigned by the city’s zoning ordinance to the area was BAAA Business District, wherein there were listed twenty-two authorized uses (certain multi-family buildings, various types of stores, hotels, apartments and offices). After listing such authorized uses, the applicable section of the zoning ordinance added the following:
“Or other similar enterprises or businesses which are not more obnoxious or detrimental to the welfare of the particular community than the enterprises or businesses above enumerated, * *
In connection with certain of the authorized uses in that district coin operated vending machines had been licensed. Machines for projection of movies had not been licensed in said district, nor had a license therefor previously been applied for.
After a period of delay the applicant was notified through the office of the city attorney that the application for licensing of the use of such machines in the appel-lee’s said business was denied. On June 12, 1970, the appellee filed a petition for writ of mandamus in the circuit court, against the City of Miami Beach and the city clerk, seeking a writ of mandamus to command issuance of the license requested by the respondents for operation of mini movie machines. An alternative writ of mandamus was issued, made returnable June 26, 1970.
On March 2, 1971, the trial court entered a summary judgment in favor of the plaintiff-appellee, in which the respondents or defendants were directed to issue forthwith to the plaintiff “the occupational licenses for the five coin operated machines which are the subject matter of this cause upon payment by plaintiff of the proper fees as provided by the city code of the City of Miami, Florida.” The defendant City of Miami Beach filed this appeal from that judgment.
At the outset it should be noted that the one year period for which the licenses were requested and refused and as to which the mandamus action had reference, had elapsed more than six months prior to the judgment (or mandamus writ) commanding issuance of the applied for license. The alternative writ of mandamus had not been amended to update the application to a subsequent or current year, and the language of the judgment which was entered did not specify the year or period for which the license therein ordered was to be issued. Inasmuch as the issuance of a license, in 1971, for the year October 1969 to October 1970, would be a futile act, the command of the judgment for an issuance of such license was not proper. Mandamus will not lie to command the performance of a futile or useless act. Bischoff v. State, 43 Fla. 67, 30 So. 808; State ex rel. Walker v. Best, 121 Fla. 304, 163 So. 696.
However, since the judgment would appear to have the force of a judicial determination that the plaintiff should be entitled to issuance of licenses for use of such movie machines in its business, as an authorized use under the zoning ordinance, for a year or period in which timely application should be made therefor, we will dispose of the appeal on the merits of the case, notwithstanding the matter of commanding the issuance of a license for the year 1969-1970 had become moot prior to the entry of the judgment in 1971.
The appellant City of Miami Beach seeks reversal on two grounds. First is the contention that mandamus would not *43 lie to compel the issuance of the license, application to the city clerk for which had been denied, without the applicant having exhausted its administrative remedies, citing as authority therefor City of Miami Beach v. Braca, Fla.App.1963, 151 So.2d 669. Administrative remedies referred to by appellant were an appeal to the city council as authorized in such instance, and an application to the proper board for- a variance or a special use permit if the desired use was not permitted by the applicable zoning. We find merit in that contention, on the authority of the cited case.
The second contention presented by the appellant is that the matter of the issuance of the license was one which involved exercise of discretion, and therefore its issuance was not subject to compulsion by writ of mandamus. We find that contention to be meritorious, and applicable here.
To be subject to a writ of mandamus the respondent must be shown to be under a clear legal duty to perform the act or acts for which the writ is sought. State ex rel. Allen v. Rose, 123 Fla. 544, 167 So. 21; Miami Beach v. State ex rel. Epicure, 148 Fla. 255, 4 So.2d 116. The writ is not available to command official action which involves the exercise of discretion. Howland v. State ex rel. Zirklebach, 56 Fla. 422, 47 So. 963; State ex rel. Gandy v. Page, 125 Fla. 453, 170 So. 118.
In this case the question of whether the use of the movie projection machines in appellee’s business was a proper subject for licensing in the zoning area was not without some doubt. The use in question was not one of the expressly authorized uses in the zoning classification. It could be argued, as the appellee did, that the machines should be considered to be vending machines. On the other hand, it could be argued that the machines were not vending machines but were machines for projection of movies to customers upon the payment of a price or consideration, and that commercial operation of movie machines was not within the authorized uses in the area. The further question of whether the operation of such machines should be licensed in that zoning area, as being an enterprise or business similar to those listed in the zoning classification and not more obnoxious or detrimental to the welfare of the particular community than the enterprises or businesses which were enumerated, was a matter upon which the city or its licensing officials could entertain reasonable doubt, and upon which their judgment and discretion patently was involved. In the situation presented it could not be said that upon the application of the plaintiff for issuance of a license for operation of such movie machines the city was under a clear legal duty to license the same.
For the reasons stated, the mandamus judgment entered in this cause is reversed.