NANCE, L. CLAYTON, Associate Judge.
This is an appeal from a peremptory Writ of Mandamus entered against the Board of County Commissioners commanding them to issue the Sheriff funds to supplement his 1972/73 budget for salaries and expenses in light of F.S.A. 23.078, passed April 1972, effective July 1, 1972.
The Sheriff had prepared and certified his 1972/73 budget to the Board on June 29, 1972, which was approved and funded.
The Sheriff, by letter, September 26, 1972, requested a budget amendment as provided in F.S.A. 30.49(10). On October 3, 1972, the Board approved a partial supplemental appropriation, and requested at that time, and subsequently, additional accounting information showing the supplemental budget funds needed. The requests were refused by the Sheriff.
The Sheriff elected to bring the remedy of mandamus to compel the performance of the Board and did not pursue administrative remedies as provided in F.S.A. 30.-49(10).
Appellant Board raised the point that mandamus does not lie where the Petitioner has failed to exhaust his administrative remedies. We agree.
F.S.A. 30.49(10) specifically provides an administrative remedy to the Sheriff. In the instant case, this procedure was instituted by the Sheriff, by letter, but he did not exhaust the appeal procedures as provided in that statute, nor did he pursue the administrative procedures provided in F.S. A. 30.50(4) and F.S.A. 129.06.
It is well settled law in Florida that mandamus does not lie where there is another adequate remedy. State ex rel. Long v. Carey, 121 Fla. 515, 164 So. 199 (1935). This principal applies to administrative remedies which must be exhausted. City of Miami Beach v. Atheneum, Inc., 254 So.2d 41 (Fla.App. 3rd 1971). City of Miami Beach v. Braca, 151 So.2d 669 (Fla.App. 3rd 1963).
It is to be noted that the request by the Sheriff was not a demand for the Board to pay specific amounts as required in F.S.A. 23.078. The request was for an increase over and above previously budgeted funds. It is to be further noted that the Board’s not unreasonable request for additional accounting information was refused by the Sheriff.
Reversed and remanded.
MANN, C. J., and GRIMES, J., concur.