QUESTION: How does the enactment of Ch. 73-208, Laws of Florida, affect Art. I of Ch. 14A of the Code of Ordinances of Metropolitan Dade County, which incorporates by reference provisions of several statutes, laws, and rules relating to saltwater fish and conservation?
SUMMARY: To the extent that Article I of Ch. 14A of the Code of Ordinances of Metropolitan Dade County purports to subject the taking or possession of saltwater fish, as defined in s. 370.01, F.S., to county regulation, said ordinance has been repealed by Ch. 73-208, Laws of Florida; and the board of county commissioners of Metropolitan Dade County is prohibited from adopting such a regulation, except as provided in Ch. 73-208 with respect to the imposition of excise taxes if otherwise authorized by general law. Section 14A-5(a) of Article I of Chapter 14A of the Code of Ordinances of Metropolitan Dade County, the "Salt Water Fisheries and Marine Life Conservation Ordinance," inter alia, states that "[i]t shall be unlawful and a violation of this chapter for any person to perform any act which is recognized as a violation of" numerous specified provisions of Ch. 370, F.S., relating to saltwater fisheries and conservation, certain enumerated special acts or "population acts" which apparently regulated various aspects of saltwater fishing in Dade County, and certain enumerated rules of the Florida Board of Conservation, Division of Salt Water Fisheries. Section 14A-5(b) of the code provides as follows: All the above listed statutes, laws and rules defining and prohibiting offenses are adopted and incorporated by reference as a part of this chapter to the same extent and to the same effect as if the provisions of each said statute, law and rule were set out in full herein defining and prohibiting each such offense against the state to be an act prohibited by or an offense in violation of this chapter. You inquire as to the effect on these ordinance provisions, apparently adopted in Dade County in 1968, of s. 125.01(4), F.S., enacted by Ch. 73-208, Laws of Florida. Section 1 of Ch. 73-208, Laws of Florida, provides that "[t]he power to regulate the taking or possession of salt water fish, as defined in s. 370.01, Florida Statutes, is expressly reserved to the state." (Codified as s. 370.102, F.S.) Section 2 of Ch. 73-208 amends s. 125.01, F.S., by adding subsection (4) to read: (4)(a) The legislative and governing body of a county shall not have the power to regulate the taking or possession of salt water fish, as defined in s. 370.01, Florida Statutes, with respect to the method of taking, size, number, season or species; provided, however, that this subsection shall not be construed to prohibit the
imposition of excise taxes by county ordinance. [Codified as s.125.01(4), F.S.] (b) All county ordinances purporting to regulate in any manner the taking or possession of salt water fish, as defined in s. 370.01, Florida Statutes, are hereby repealed. Section 370.01(2), F.S., defines "saltwater fish" to include "all classes of pisces, shell fish, sponges and crustacea indigenous to salt water." Article VIII, s. 11(6), State Const. 1885, the Dade County Home Rule Charter provision, carried forward in effect by Art. VIII, s. 6(e), State Const., provides as follows: (6) Nothing in this section shall be construed to limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County and any other one or more counties of the State of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida relating to county or municipal affairs and all such general laws shall apply to Dade County and to all municipalities therein to the same extent as if this section had not been adopted and such general laws shall supersede any part or portion of the home rule charter provided for herein in conflict therewith and shall supersede any provision of any ordinance enacted pursuant to said charter and in conflict therewith, and shall supersede any provision of any charter of any municipality in Dade County in conflict therewith. Applying this provision to the instant inquiry, since Ch. 73-208, Laws of Florida, is a general law which relates to all counties in the state, it supersedes any provision of Article I of Ch. 14A of the Code of Ordinances of Metropolitan Dade County in conflict therewith. Cf. Dade County v. Mercury Radio Service, Inc.,134 So.2d 791 (Fla. 1961); and Board of County Commissioners of Dade County v. Boswell, 167 So.2d 866 (Fla. 1964). More specifically, to the extent that Article I of Ch. 14A purports to subject the taking or possession of saltwater fish, as defined in s. 370.01, F.S., to county regulation, said ordinance has been repealed by Ch. 73-208, and the board of county commissioners of Metropolitan Dade County is prohibited from such regulation, except as provided in Ch. 73-208 with respect to the imposition of excise taxes if otherwise authorized by general law. Article VII, s. 9(a), State Const.; see also City of Tampa v. Birdsong Motors, Inc.,261 So.2d 1 (Fla. 1972). As to the special acts or "population acts" enumerated in Section 14A-5(a) of the Code of Ordinances of Metropolitan Dade County, they apparently remain in effect unless repealed by the Legislature, held unconstitutional by a court of competent jurisdiction, or impliedly repealed by Ch. 73-208, Laws of Florida. See, e.g., Ch. 71-29, Laws of Florida, repealing Chs. 20889, 1941, 57-494, and 59-899, Laws of Florida.