PEARSON, Judge.
The City of Miami Beach was the respondent to a petition for mandamus brought by Mr. Samuel’s, Inc., seeking an *48 order requiring the City to issue to the petitioner a pawnbroker’s license for the pawning of jewelry. The City appeals a final judgment issuing the peremptory writ. We affirm.
The City provides for pawnbrokers’ licenses and sets the fee for such licenses. The zoning ordinance does not, by its expressed terms, mention pawnbrokers in any zoning classification. Mr, Samuel’s, Inc., applied for the license in a “C-4” zone which is described in the ordinance: “A. DISTRICT PURPOSE. This District is designed to accommodate a highly concentrated business core, in which businesses serving all residents and visitors of the City are located.” It is also provided that all businesses permitted in C-l, C-2 or C-3 are allowed in C-4. The only remaining business classifications are C-S and C-6. C-S permits “high density residential, retail, and light and heavy service commercial development.” C-6 is entitled “Intensive Commerical District.”
The trial court found that “it affirmatively appears that (1) the Respondents’ refusal to issue Petitioner the aforesaid license is arbitrary, unreasonable and unjust, and (2) the Petitioner has no other plain, speedy and adequate remedy at law . . .” It, thereupon, ordered the issuance of the preemptory writ.
The appellant argues that the issuance of the writ was error for two reasons: First, the City says that because the merchant, upon advice of the City Attorney, applied for and received a hearing before the City Council on his application, he. should be limited to a review of the City Council’s action by certiorari. Second, the City says that because pawnbrokers are not specifically listed by its zoning ordinance in any business district, the City has the discretion of where to put pawnbrokers and, therefore, that the issuance of a pawnbrokers’ license is a discretionary act for which mandamus will not issue. We hold neither position presents error on this record.
If, as the trial judge found and we now hold, the City had a clear legal duty to issue the license upon application, then the application to the City Commission does not convert an administrative duty to a quasi-judicial act. See DeGroot v. Sheffield, Fla.1957, 95 So.2d 912; and Harris v. Goff, Fla.App.1963, 151 So.2d 642.
The failure of the City to list in its zoning ordinance a particular lawful business in any business zone does not obviate its duty to issue a license when the application seeks to locate that business in a clearly applicable zone. A fair reading of the City’s zoning ordinance shows that, based on the service businesses enumerated, encompassed therein is the contemplated business of Mr. Samuel’s, Inc. The only possible question would be whether the business is not also allowed in C-l, C-2 and C-3, all of the uses of which are included in C-4. That question is immaterial to the duty to issue the license for a lawful business in the most liberal zone where petitioner applied. Cf. lohnson v. Alexander, Fla.App.1969, 219 So.2d 66.
Affirmed.