351 So.2d 719 (1977)
CITY OF MIAMI BEACH, Florida, a Florida Municipal Corporation, and Elaine Matthews, City Clerk, City of Miami Beach, Florida, Petitioners,
v.
MR. SAMUEL's, INC., a Florida Corporation, Respondent.
No. 49889.
Supreme Court of Florida.
October 27, 1977.
*720 Joseph A. Wanick, Miami Beach, and Lee H. Schillinger of Reichenthal & Weinstein, Miami, for petitioners.
George D. Gold of Moran & Gold, Miami, for respondent.
SUNDBERG, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Third District, reported at 334 So.2d 47, because of its conflict with City of Miami Beach v. Atheneum, Inc., 254 So.2d 41 (Fla. 3d DCA 1971), holding that mandamus was an inappropriate remedy to test the action of city officials in denying a license. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution. The issue for determination is whether the petitioners had a clear legal duty to issue an occupational license for a specified use when the zoning ordinance does not by its express terms mention that use in any zoning classification, or whether discretion must necessarily be exercised by them in such situation thereby precluding the use of mandamus as an appropriate remedy to compel the issuance of the license. We find that the exercise of discretion by petitioners was involved in determining whether to issue the license, and consequently, quash the decision of the District Court of Appeal, Third District, which court in the instant case held that the City was under an administrative duty to issue the license upon request.
Since June, 1974, respondent has operated a jewelry store at 756 Arthur Godfrey Road, Miami Beach, in a business district zoned C-4 under City of Miami Beach Zoning Ordinance No. 1891. Zoning Ordinance 1891 of the City of Miami Beach describes the "C-4" classification as a "Business District" which is "designed to accommodate a highly concentrated business core, in which businesses serving all residents and visitors of the City are located." The uses permitted in this district include any use permitted in C-1, C-2, or C-3 classifications, cabaret and nightclub. In addition, filling stations and "[u]ses not listed above which are similar in character to one or more permitted uses, and which would not be inappropriate in this District" are permitted as a Conditional Use, upon obtaining approval from the City of Miami Beach Planning Board and the City Council.
The "C-1 Neighborhood Business District" classification permits nineteen specifically authorized uses, including "[p]ersonal service uses, conducted entirely within completely enclosed buildings. Such uses include barber shops, beauty parlors, photographic *721 or artists studios, photographic developing or printing establishment, picture framing shop, shoe repair shop, tailor shop, travel bureau, ticket office, messenger service, taxicab office, newsstand, telephone exchange or telegraphic service stations, dry cleaning or laundry receiving stations, hat cleaning and blocking, self-service or coin operated laundry or dry cleaning establishment and other personal service uses of a similar character." Pawnbrokerage is not a specifically enumerated use. The "C-2 General Office District" classification permits any use permitted in the C-1 District, except conditional uses, automatic ice vending machines and bicycle stores or repair shops. Clinics and health clubs are specifically permitted, but pawn shops are not. The "C-3 Central Business District" classification presently applies solely to the Lincoln Road Mall area. This classification permits fifteen enumerated uses, including the same personal service uses described in the C-1 District. Conditional uses are allowed in this District only for uses "similar in character" and for public or governmental buildings, public parks, public utilities or services, sidewalk cafes and temporary uses, but pawn shops are not mentioned.
Pursuant to Section 7-1 of the Zoning Ordinance, an application for conditional use is first considered by the Planning Board, which forwards its recommendation to the City Council.
In July, 1974, respondent applied for an occupational license as a pawnbroker limited to jewelry. After being informed that under the Miami Beach Zoning Ordinance a pawnbrokerage business could not be operated at its present location without a conditional use permit, respondent applied for such a permit. The application of Mr. Samuel's Inc. was considered by the Planning Board of the City of Miami Beach, which, after holding several public hearings on the matter, recommended denial. The Planning Board's recommendation was submitted to the City Council of the City of Miami Beach which denied the application at its regular meeting of November 6, 1974. Upon respondent's request, the City Council reconsidered the matter at its meeting of December 18, 1974, and after hearing from counsel for respondent voted not to reconsider its previous action.
On April 28, 1975, four months and ten days after the City Council heard respondent's request for a reconsideration of its decision denying the conditional use application, respondent filed a petition for writ of mandamus in the Circuit Court of the Eleventh Judicial Circuit for Dade County, Florida. The circuit court issued its alternative writ of mandamus requiring respondent to show cause why an occupational license for pawnbrokerage should not be issued to respondent immediately upon his payment of $500 to the city clerk. After preliminary pleadings by petitioners and response to the alternative writ, upon respondent's motion for issuance of the writ notwithstanding the return, the trial court entered its final judgment and peremptory writ of mandamus. The issuance of said writ thereby constituted a declaration that the occupation of pawnbrokerage is permitted in the zoning district in which Mr. Samuel's is located and a requirement that the City issue an occupational license for pawnbrokerage upon payment by respondent of the prescribed license fee.
Upon appeal, the District Court of Appeal, Third District, affirmed the action of the trial court. City of Miami Beach and Elaine Matthews v. Mr. Samuel's, Inc., 334 So.2d 47 (Fla. 3d DCA 1976). Petitioners asserted in the district court that respondent's proper remedy was by certiorari to the City Council and that collateral attack by mandamus was improper. If certiorari was the appropriate remedy and mandamus inappropriate, the action in the trial court was untimely as it was brought more than 30 days after the decision of the City Council. The District Court of Appeal rejected the assertions of petitioners and held that the City had a clear legal duty to issue the license upon application as a nondiscretionary administrative function. That court relied upon De Groot v. Sheffield, 95 So.2d 912 (Fla. 1957), and Harris v. Goff, 151 So.2d 642 (Fla. 1st DCA 1963). No reference was made to its earlier decision in City of Miami *722 Beach v. Atheneum, Inc., supra. The District Court of Appeal bottomed its decision upon its reading of the City's Zoning Ordinance, finding that respondent's contemplated business was included within the service businesses enumerated in the C-1, C-2, and C-3 zoning classifications.
In City of Miami Beach v. Atheneum, Inc., supra, essentially the same situation was presented to the District Court of Appeal, Third District. The applicant in Atheneum was the owner of an adult bookstore in the City of Miami Beach. In addition to its occupational license for such business, the proprietor applied for a license for operation therein of five coin-operated "mini movie" machines. The zoning classification of the area in which the applicant's business was located listed twenty-two authorized uses with the following additional provision:
"Or other similar enterprises or businesses which are not more obnoxious or detrimental to the welfare of the particular community than the enterprises or businesses above enumerated... ."
254 So.2d 41, 42.
Machines for projection of movies had not been licensed in that district, nor had application for a license previously been submitted. After the City denied the application the applicant filed a petition for writ of mandamus in the circuit court to command issuance of the license requested. The trial court entered summary judgment in favor of the applicant.
In reversing the trial court, the District Court of Appeal concluded, inter alia, that issuance of the license involved the exercise of discretion and, therefore, its issuance was not subject to compulsion by writ of mandamus. The court observed that the question of whether the use of movie projection machines in the applicant's business was a proper subject for licensing in the zoning area was not without doubt; the use in question was not expressly authorized in the zoning classification. The court noted that the judgment and discretion of the City was patently involved in determining whether operation of the projection machines was an enterprise or business similar to those listed in the zoning classification and not more obnoxious or detrimental to the welfare of the particular community than the enterprises or businesses which were enumerated.
In the case at bar, the same principle applies. It is apparent that pawnbrokerage is not expressly delineated in C-1, C-2, or C-3 zoning classifications. Assuming, however, that it is similar in character to one or more of the permitted uses in any one of those zoning classifications, Zoning Ordinance 1891 of the City of Miami Beach provides that it shall, nevertheless, be a "conditional use" in a C-4 area. The ordinance clearly states that such conditional uses must be similar in character to one or more permitted uses and, in addition, "not be inappropriate in this District." Furthermore, the ordinance expressly requires approval from the City of Miami Beach Planning Board and the City Council for such conditional use. It is obvious that both the City of Miami Beach Planning Board and the City Council may exercise some discretion as to such conditional uses in: (i) determining that the use is similar in character to one or more permitted uses and (ii) determining that such use would not be inappropriate in that District. If either of those bodies abuses its discretion in making such determinations the applicant's remedy is by certiorari in the circuit court. Because the representatives of the City must exercise some discretion in determining whether to grant or deny the conditional use application, mandamus does not lie. Fasenmyer v. Wainwright, 230 So.2d 129 (Fla. 1969); Solomon v. Sanitarians' Registration Board, 155 So.2d 353 (Fla. 1963); State ex rel. Smith v. City of Margate, 155 So.2d 165 (Fla. 2d DCA 1963).
Accordingly, the petition for writ of certiorari is granted, the decision of the District Court of Appeal, Third District, is quashed, and this cause is remanded to the District Court of Appeal, Third District, with instructions to remand to the trial court for discharge of the writ of mandamus.
It is so ordered.
*723 ADKINS, Acting C.J., and HATCHETT and KARL, JJ., concur.
BOYD, J., dissents.