Stuart L. Simon Dade County Attorney Miami
QUESTION:
Are transportation services within Dade County for passengers on stretchers or wheelchairs, who do not require medical assistance or professional care en route, subject to regulation by the county or by the Public Service Commission?
SUMMARY:
The Public Service Commission has exclusive jurisdiction to regulate nonemergency motor vehicle transportation services within the state. Metropolitan Dade County has no authority to regulate such services within that county.
I conclude, upon review of the applicable statutes, that the Public Service Commission has exclusive jurisdiction to regulate these services.
Your request states that on July 30, 1974, Dade County adopted Resolution No. R-931-74, governing the county's regulatory jurisdiction over passenger motor vehicles. That resolution reads in part:
 WHEREAS, this Board desires to establish, maintain and regulate a comprehensive transportation system within Metropolitan Dade County; and
 WHEREAS, a major element of such a comprehensive transportation system is the for-hire passenger motor vehicle industry; and
 WHEREAS, Florida Statutes, Chapter 74-131, authorizes chartered counties to assume regulatory jurisdiction of said industry within the unincorporated areas of such counties and within those municipalities not regulating said industry as of July 1, 1974; and
NOW THEREFORE, BE IT RESOLVED . . .
 Section 1. That this Board hereby expresses its intent to assume regulatory jurisdiction of the for-hire passenger motor vehicle industry within the unincorporated areas of Metropolitan Dade County and within those incorporated areas of Dade County not regulating said industry as of July 1, 1974. (Emphasis supplied.)
In order to answer your question properly, I must discuss the classification system and terminology used to regulate motor carriers under general law in Ch. 323, F. S. The Dade County resolution quoted above was passed pursuant to authority granted in Ch. 74-131, Laws of Florida, which amended Ch. 323 to allow charter counties certain regulatory powers over for-hire passenger services within specified geographical areas.
The general power to regulate motor carrier services within Florida is vested in the Public Service Commission under s. 323.02, F. S. That section reads:
 No motor carrier shall operate any motor vehicle for the transportation of persons or property for compensation on any public highway in this state, including the transportation of persons in nonemergency service, without first having obtained from the Public Service Commission a certificate of public convenience and necessity, a permit as hereinafter provided, a certificate of registration of Interstate Commerce Commission authority, or an exemption as hereinafter provided. (Emphasis supplied.)
The service described in your question, the transportation of persons on stretchers or wheelchairs who do not require professional care en route, is a `nonemergency service' within the meaning of this statute. Section 323.01(18), F. S., defines `nonemergency service' as follows:
 `Nonemergency service' means the transportation by motor vehicle of persons who do not need, or do not expect to need, medical assistance en route.
Notwithstanding the Public Service Commission's general power to regulate motor carrier services, the statute allow charter counties to exercise limited powers of regulation within specified geographical areas and upon meeting certain conditions. Those powers are set forth in s. 323.052(1), F. S., which reads in part:
 Notwithstanding any other provisions of this part to the contrary, any chartered county may regulate and license for-hire passenger motor vehicles in the unincorporated areas of the county and in those municipalities that do not regulate such vehicles on July 1, 1974, or that do not adopt regulations at least as strict as those initially adopted by the county, by filing with the Public Service Commission a written resolution that the county will be assuming regulatory jurisdiction of for-hire passenger motor vehicles
throughout said county . . . . (Emphasis supplied.)
Both this provision and Dade County Resolution No. R-931-71 limit Dade County's regulatory jurisdiction to the `for-hire passenger' service category. This category was previously defined in s. 323.01(9), F. S. (1976 Supp.), as follows:
 `For hire' means any motor carrier engaged in the transportation of persons or property over the public highways of this state for compensation, which is not a common carrier or contract carrier but transports such persons or property in single casual and nonrecurring trips . . . [N]o for-hire carriage of passengers shall be authorized by any permit as herein defined and issued by the commission under the provisions of this part in motor vehicles of a greater passenger-carrying capacity than nine including the driver or chauffeur.
Chapter 77-434, Laws of Florida, repealed this definition and failed to reenact any specific definition of the term `for-hire.' The act did, however, add new subsections (19) and (22) to the definitions statute, s. 323.01, F. S., which subsections create and define the new categories of motor transportation services known as `common carriers' and `taxicabs,' respectively. Present s. 323.01(19) reads as follows:
 `Common carrier' means any person engaged in motor carrier transportation of persons or property for compensation over the public highways of this state who holds his service out to the public and provides transportation over regular or irregular routes. (Emphasis supplied.)
Present s. 323.01(22) reads as follows:
 `Taxicab' means every motor vehicle of nine passenger capacity or less, including the driver, engaged in the general transportation of persons for compensation on occasional trips, not on a regular schedule or between fixed termini or over regular routes.
Examination of these statutes demonstrates the present `taxicab' category corresponds to passenger service under the former `for-hire service' category. Each involves the transportation of passengers in a vehicle of nine-seat capacity or less, on `occasional' or `nonrecurring' trips. It appears that the Legislature has simply substituted the term `taxicab' for the passenger service within the `for-hire' category.
Section 323.053(4), F. S., confirms this conclusion. That section generally requires persons operating taxicabs as defined above to obtain a master taxi permit from the Public Service Commission. Subsection (4), however, provides an exception which reads in part:
 This section shall not apply to persons operating taxicabs wholly within a municipality and its suburban territory which regulates such operations or those operating wholly within the boundaries of a chartered county which regulates such operations pursuant to s. 323.052 . . . .
This provision clearly refers to the charter counties' powers to regulate `for-hire passenger services' under s. 323.052, F. S.
The nonemergency services described in your question are a category of services apart from and unrelated to, taxicab services under the definitional provisions of Ch. 323, F. S. Nothing in the general law purports to grant Dade County any regulatory jurisdiction over nonemergency services, nor does the Dade County resolution attempt to exercise such jurisdiction. Rather, the statutes vest exclusive regulatory jurisdiction over these nonemergency services in the Public Service Commission. Section 323.02, F. S.
I note in passing that Dade County has no authority to supersede a state public service regulatory statute. Section 11(7), Art. VIII, State Const. 1885, contained an exception to Dade County's home rule powers as follows:
 Nothing in this section shall be construed to limit or restrain the power and jurisdiction of the Railroad and Public Utilities Commission or of any other state agency, bureau or commission now or hereafter provided for in this Constitution or by general law and said state agencies, bureaus and commissions shall have the same powers in Dade County as shall be conferred upon them in regard to other counties.
This exception is preserved by s. 6, Art. VIII, State Const. 1968, although the former Railroad and Public Utilities Commission is now the Public Service Commission. Section 350.011, F. S. The same principle is found in Dade County v. Mercury Radio Service, Inc.,134 So.2d 791 (Fla. 1961), decided prior to the enactment of s. 353.052, F. S., holding that the (then) Railroad and Public Utilities Commission had exclusive jurisdiction to regulate taxicab services in the unincorporated areas of Dade County and that a county ordinance attempting to regulate such services was invalid because it conflicted with state law.
Prepared by: David K. Miller, Assistant Attorney General