*W. H. Mallory*, for the appellee.

────────── ·•○•· ──────────

NOURSE *v.* THE BOARD OF COMMISSIONERS OF WARREN
COUNTY.

The District Attorney for *Warren* county filed his claim before the *Board*
*of Commissioners* for docket fees, alleged to be due him for prosecuting
certain criminal cases, in which the defendants had been acquitted.

*Held*, that the statutes of this State give no authority to charge the county
with the fees in question, and, in the absence of such authority, the county
is not chargeable with their payment.

APPEAL from the *Warren* Circuit Court.                       Tuesday,
                                                             *December* 10.
DAVISON, J.—*Nourse*, who was the district attorney for the
county of *Warren*, on *September* 5, 1859, presented to the
*Board of Commissioners* of that county, a claim for services
in the *Warren* Common Pleas, in prosecuting, on behalf of

Nov. Term, 1861.

NOURSE
v.
THE BOARD
OF
COMMISSION-
ERS OF
WARREN Co.

the State, seventeen criminal cases, in each of which the defendant was acquitted; and for the prosecution of each he claims four dollars, making, in the aggregate, sixty-eight dollars. Upon the filing of this claim, the board made an order whereby they refused to allow it, and *Nourse* appealed. In the Circuit Court, to which the case was taken by appeal, the issues were submitted to the Court for trial. There was a finding for the defendants. Motion for a new trial denied, and judgment.

It is conceded that *Nourse* rendered the services for which he claims payment, but contended that the *Board of Commissioners* are not liable to pay, &c. The act regulating fees, &c., approved *March* 2, 1855, was in force when these services were rendered, and provides, (§ 12,) "That the prosecuting attorney's fees shall be as follows, to wit: "Docket fee in the Court of Common Pleas, on plea of guilty, $2.00." ...... "Docket fee in the Court of Common Pleas on the plea of not guilty, $4.00. Acts 1855, p. 109. This act, though it points out, specifically, the docket fees to be allowed in the Common Pleas, makes no provision whatever for their payment. Hence, it is argued that the county in which the services were rendered, is liable. This conclusion seems to be incorrect. We know of no rule of procedure, that in cases of acquittal, provides for the payment of costs. At all events, the statutes of this State give no authority, express or implied, to charge the county with the fees in question; and, in the absence of such statutory authority, it is difficult to perceive any principle upon which the county is chargeable. 9 Ind. 139.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. R. M. Bryant* and *J. H. Brown*, for the appellant.

*R. A. Chandler*, for the appellee.