## WHITE v. POLK COUNTY.

### I. Per CURIAM.

1. **District attorney:** POWER TO APPOINT  In the absence of the district attorney the District Court may appoint a special prosecutor for the term.

2. **County:** CLAIM AGAINST.  When a creditor of a county presents his demand to the board of supervisors, and it is not allowed, after giving a reasonable time for deliberation, he may bring his action, and cannot be defeated therein by the failure or refusal of the board to make a record of their action, or to take action in the premises.

### II. Per WRIGHT, Ch. J.; COLE, J.

3. **District attorney:** COMPENSATION.  When, in the absence of the district attorney, a special prosecutor is appointed by the court, the county in which the appointment is made and the services rendered is liable for his compensation.

### III. Per DILLON and LOWE, JJ.

4. **District attorney.**  The district attorney is a *State*, and not a county officer.

5. —— COMPENSATION.  The county is liable for the compensation of the district attorney only as prescribed by statute to the extent of certain fees on convictions.

6. —— SPECIAL PROSECUTOR.  A special prosecutor appointed by the court, to act in the absence of the district attorney, should not recover from the county any other or greater sum than the district attorney could recover for the same services.

*Appeal from Polk District Court.*

### TUESDAY, DECEMBER 6.

IN the absence of the district attorney, plaintiff was appointed by the District Court in Polk county, special prosecutor for the August term, 1861.  This action is brought to recover for the value of the services rendered, pursuant to such appointment.  The other material facts will appear from the opinion.  Defendant appeals.

*Casady & Polk* for the appellant.

*S. V. White pro se.*

WRIGHT, Ch. J. — I. It is first claimed that the District Court has no authority to appoint a prosecutor; that the
1. DISTRICT ATTORNEY: power to appoint. office of district attorney is a State office, and his place can only be supplied by the governor in the manner provided by law. We do not understand that there was a vacancy in the office of district attorney; but that the incumbent was temporarily absent, being prevented, by necessary absence from the State, from attending to his duties, at the time named, in Polk county. It was never contemplated that the power of the governor to fill vacancies in state offices, was to be exercised under such circumstances as these. Existing a vacancy, he can fill it. A temporary inability to discharge the duties of an office does not make it vacant, and therefore there is nothing for the governor to do. It is no part of the executive's duty to appoint special prosecutors in the different counties of the State, at each time when the properly constituted officer is absent or unable to discharge his duties. The power is invested in the court. It is a part of its inherent power — a power necessary for its own protection and existence, essential to the administration of justice and the enforcement of the laws — finding its support in the same reasoning which authorizes a court to punish for contempt, to appoint ministerial or police officers to carry out its mandates, and other similar acts. It would be a burlesque upon the law — a just and indefensible reproach upon our institutions — if crimes should go unpunished, prisoners untried, and the public business remain unattended to, for want of power in a court of general jurisdiction, to appoint some one to supply the place of the regular officer — absent, whether from accident, misfortune or design. Our courts are not

thus powerless. The public business is not to be left thus to suffer. A court possessing such jurisdiction is not limited to the very letter of the charter of its power. The charter gives it life. Of course, it has the right and power to preserve this life. The vital machinery cannot be kept in motion without officers, and for the very preservation of the life of the court, the protection of the charter of its existence, these necessary officers may be appointed, temporarily, the regular ones being absent. A prosecutor is one of these officers, and therefore he may be appointed. And the same reasoning might be used in relation to the welfare of the State and the necessity of maintaining and vindicating the supremacy of the law.

II. Is the State or the county, then, liable to pay for these services? That the person thus appointed is entitled

3. —— Compensation. to a reasonable compensation, or what his services are reasonably worth, will hardly be denied. For express authority upon this general question, see *Hall v. Washington County*, 2 G. Greene, 473. No appropriation has ever been made, general or special, for the payment of such services out of the State treasury. There is no authority, therefore, in any State officer to audit or allow anything therefor. The State cannot be sued. It is the positive duty of an attorney, as an officer of the court, to accept such an appointment, as far as consistent with his prior engagements. The State has made no appropriation to meet such a contingency. Now, is the attorney to discharge the duties and await the uncertain action of the legislature for his compensation? Suppose the legislature refuses, is he to go unpaid? This may be the necessary result, if the State, and not the county, is liable; for, after legislative action, he is without remedy. Not only so, but it is not in accordance with the theory of State liability and obligations, that affairs and individuals can become her creditors, without some statute expressly or impliedly giv-

ing the right. The obligation to pay such creditors, how-ever strong morally, in an individual case, has nothing in the law to support it, and requires legislative action to fix the liability. It certainly is not in accordance with the theory of our criminal jurisprudence; with the right of those charged with crime, to a speedy trial; with the right of those giving their services to the public to a just compensation, that the attorney shall await the slow process of legislative action for remuneration. Justice to him, to the public he serves, and the fair and successful administration of the laws, demand that he should have a more certain, plain, speedy and adequate remedy.

It being settled that the court had the authority to make the appointment, and that the appointee is entitled to compensation, the case of *Hall* v. *Washington County, supra,* is ample authority to sustain the present action. And why not? A county is a political corporation. Power is given to it, and it is made its duty to aid in arranging the machinery for the government of the whole State, as well as a matter relating more particularly to its own internal polity and interest.

Crimes, though offenses against the sovereignty and authority of the State, are local to each jurisdiction, and are there to be prosecuted. Each county, or the people within the corporation, are obligated, by a solemn though perhaps tacit compact, to all other parts of the sovereignty, to see that the laws are observed therein, violations thereof punished, and that the necessary means and instruments will be furnished and supplied to maintain the one and bring to punishment the other. The expenses attending the exercise of this criminal jurisdiction, must necessarily be local, except when otherwise declared. In punishing all violators of the law, the interest and well being of the whole State are subserved; and yet we know that the costs attending the same are chargeable to the county and not the State.

White v. Polk County.

And thus, according to the theory of our criminal laws, the expenses of their administration are, for the most part, to be borne by the several counties. Our prosecutions are local in their character; hence each *county* is liable to pay the district attorney a fee for every conviction procured by him during his term of service. (Rev.; § 381.) So an attorney appointed to defend a pauper prisoner, is to be paid from the *county*. (§ 4168.) And see *Samuels* v. *Dubuque County*, 13 Iowa, 536. Many other provisions might be cited to show the theory and policy of the law, but these must suffice.

III. By ch. 93, Laws 1862, p. 100, it is declared, that no action shall be brought against a county, on an unliquidated claim, "until the same shall have first been presented to the board of supervisors, and payment thereof demanded." Counsel insist that this claim was not presented as required by this statute. Upon this subject the testimony is not very clear, and may be said to be conflicting. The court instructed that plaintiff could not recover, unless his claim had been presented, payment thereof demanded, and that it was not allowed by the board. That there was testimony to warrant the jury in finding the presentment, demand and refusal, we think is quite clear. We do not believe it was necessary to show, *by the record* of the supervisors, that the allowance had been refused. After the presentation of the claim, they were entitled to a reasonable time to determine what disposition they would make of it. And if sued before such reasonable time had elapsed, there would not be a present- ment and demand of payment within the meaning of the law. But if the creditor presents his demand, and it is not allowed, after giving a reasonable time for deliberation, he may bring his action, and cannot be defeated therein by the failure or refusal of the board to make a record of their action in the premises, or by their failure to take action.

Whether there was or was not a reasonable time allowed in this instance, and whether the board did or did not refuse to allow the demand in the shape or form now before us, were questions properly submitted to the jury; and we cannot say that their finding was unwarranted by the evidence. Upon the second point above discussed, the members of this court are divided in opinion. Upon the others, we all agree.

The judgment will therefore stand

Affirmed.

DILLON, J., *dissenting on one point.* — I regret that my views of the law do not enable me to concur in the foregoing opinion, so far as it holds the county liable to the plaintiff. His only authority was the following order of the District Court: "August 19th, 1861. And now, on this day, the court appoints S. V. White, Esq., prosecuting attorney for this term of court, the district attorney, P. Gad Bryan, being absent." As appears by the account annexed to the plaintiff's petition, he seeks to recover fees or compensation for various services, such as drawing petitions in *scire facias* on bonds taken in criminal cases; bringing suit on such bonds; arguing demurrers and motions in criminal cases; taking recognizances and subpœnaing witnesses; trial fees in cases where defendants were convicted; where they pleaded guilty, and where they were acquitted; drawing indictments, &c. In sundry cases where convictions were had, the plaintiff collected the statutory fee allowed to the district attorney, leaving a balance, according to plaintiff's account, of $262.00. He recovered judgment for $110.00.

My first proposition is, that the district attorney is, by our constitution and laws, a *State* and not a county officer.

4. DISTRICT ATTORNEY. He is elected, not by the people of any one county, but by the electors of each judicial dis-

trict. Const., Art. 5, § 3. He receives $800.00 per year for his services, from the *State* treasury, " to be audited and paid as the salaries of *other State* officers " (Rev., § 380); and also fees for every conviction to be allowed and paid by the county, which shall be taxed to the defendant, collected by the clerk and paid into the county treasury. Rev., §§ 381, 382. No provision is made for any other compensation.

Before the new constitution, each county elected its prosecuting attorney, but such is no longer the case. However, it may have been prior to the present constitution, there is no longer any ground to consider the district attorney a county officer.

My deduction from the proposition, that the district attorney is a State and not a county officer, is, that the 2. —— Compensation. latter is not liable for his services, except so far as it is made so by statute; and the county is made liable *only* for specified fees on convictions; not for any other services.

The plaintiff was appointed district attorney *pro tem.*, and, if he accepted the appointment, he would not be 6. —— Special prosecutor. entitled to recover from the county, at the furthest, any other or greater sum than the district attorney could have recovered for the same services. This amount he received before suit brought; and his verdict as rendered, is for services which, had they been performed by the district attorney (for whom, and in whose place the plaintiff acted), the county would have been under no obligation to pay for. How, or on what principle can the county be under any other or greater obligation to the plaintiff?

The next argument which I urge against the liability of the county, may be briefly stated thus: Counties are public corporations for civil and political purposes. They are endowed with specified and limited powers. Like other

*quasi* corporations, they can be made liable only for the objects and in the manner provided by statute. There is no safety in any other rule. It is dangerous to allow this salutary principle to be relaxed. Crimes are offenses against the people of the *State*, not against those of the county simply. The State furnishes the means and appliances to punish criminals. It provides and pays the judges. It divides with the county a defined portion of the expense; that is, the State pays the district attorney a salary, but the county is required to pay the jurors, and a specified portion of the compensation of the district-attorney, viz.: five dollars for each conviction for a misdemeanor, and ten dollars for each conviction for a felony; and further than this, it is not liable to the district attorney, or to one acting for him and performing his duties under an appointment from the court. *Nourse* v. *Commissioners*, 17 Ind., 355.

But it is asked, where is the plaintiff to obtain compensation for his services, if not from the defendant. The State, it is said, and said truly, cannot be sued. It is a sufficient answer to this question, that the law has *not* made the county liable, and therefore the liability does not exist.

I admit that the plaintiff should be compensated; and the failure of the legislature to render either the State or county liable, may be a *casus omissus* which ought to be remedied; but the remedy must come from the law-making power and not the courts. But why has the plaintiff not a remedy against the district attorney, whose duties he performed. The order of the court appointing the plaintiff, states that the district attorney was absent. If absent, this gives the court power to appoint a person to perform his duties *pro tempore*. The absence creating the necessity for such an appointment, may, in my opinion, well be deemed and treated as an implied request to the court to appoint a suitable person to discharge, for the time being, his duties, and as an implied promise to compensate the person thus

appointed. "*A previous request* may often be inferred, even *contrary to the fact*, on the ground of *legal obligation* alone." And certainly, unless detained by sickness, he is under an indisputable legal obligation to be in attendance upon the court. 2 Greenl. Ev., § 108. The district attorney, who receives pay from the State for the duties which, owing to his failure or neglect, have to be discharged by the appointee of the court, rather than the county should, in reason and justice, be holden liable. And the adoption or recognition of the rule establishing his *personal* responsibility in such cases, would stimulate and quicken the indifference which the opposite rule has a tendency to encourage into a more lively regard and solicitous concern for the faithful and conscientious discharge of public and official duties.

But, whether the district attorney would be thus liable or not, it is clear to my mind that the county is not liable; and because the District Court held the contrary, the judgment ought, in my *opinion, to be reversed.*

Lowe, J., concurred in the foregoing opinion of DILLON, J., holding the county not liable to the plaintiff.