## DAVIS v. LINN COUNTY.

Justice of the peace: APPOINTMENT OF ATTORNEY IN CRIMINAL PROSE-
CUTION. A justice of the peace has no authority to appoint, on
behalf of the State, an attorney to conduct a criminal prosecution
commenced before him; and an attorney cannot recover of a county
for services rendered under such an appointment.

*Appeal from Linn District Court.*

THURSDAY, MAY 14.

*Thompson & Davis* for the appellant.

*Thomas Corbett* for the appellee.

WRIGHT, J. — Plaintiff, an attorney at law, in a pre-
liminary examination against certain parties charged
with adultery, before Oliver Day, a justice of the peace,
was appointed by said justice to conduct said prosecu-
tion in behalf of the State. The services were rendered,
were of the value claimed, and in the District Court the
only question made was, as to the liability of the county
to pay for those services. The point was ruled against
plaintiff and he appeals.

The statute no where gives authority either expressly or
by implication, to a justice to make such an appointment.
The powers of a justice are very different, and are to be
judged by very different rules from those possessed by
and applicable to the District Court.

As the legislature, doubtless for prudential reasons, has
failed to confer the power upon justices, we feel con-
strained to hold, that the county would not be liable for
services rendered under such an appointment. The case
of *White* v. *Polk County*, 17 Iowa, 413, referred to by
counsel, so far from teaching a contrary doctrine on the
principles recognized in both opinions, is fully in accord
with this conclusion.

Affirmed.