### J. S. Ross v. Hardin County, Appellant.

**Appeal Certificate:** WHAT IS A LAW-QUESTION? Whether there was such unreasonable delay in allowing a bill as to allow the bringing of action is a question of fact not reviewable on certificate.

*Appeal from Hardin District Court.*—Hon. S. M. Weaver, Judge.

Friday, April 5, 1895.

Action on account. Judgment for plaintiff, and the defendant appealed.—*Dismissed.*

*George W. Ward* for appellant.

*C. E. Albrooke* for appellee.

Granger, J.—The account on which the action is based is for printing, and, as the amount is for less than one hundred dollars, the case comes to this court on a certificate of the trial judge. The important part of the certificate is as follows: "I do hereby certify that such cause involves the determination of a question of law, upon which it is desired to have the opinion of the supreme court, as follows: The board of supervisors of the defendant county being in adjourned session from the regular April meeting, the plaintiff, on the first day of May, 1893, filed and presented for allowance a bill for various items of printing, including a charge of forty dollars for printing bar docket. The board (one member being absent) allowed all the items, except the one above specified, upon which it indorsed the words, 'Continued for investigation of full board,' and thereafter, on the second day of the same month,

adjourned. The plaintiff, who is a resident of the town where the meeting of the board was held, did not appear before the board to explain the bill, nor did the board call him in, or interview him for such explanation. After the board adjourned, and on the same day, plaintiff instituted this suit. The bill has remained on file in the auditor's office ever since its presentation, and has never been acted upon, allowed, or disallowed, except as above indicated. Under the circumstances thus detailed, can the county successfully plead in abatement of the action that such action was prematurely brought, and without giving reasonable time to the board to audit the claim? S. M. Weaver, Judge."

The certificate presents no question of law for consideration, unless we first go to the evidence, and determine a question of fact; and, after the fact was found, there would not seem to be a legal question about which there could be a difference of opinion. The only question of doubt in the case is whether or not the board of supervisors delayed action for such a length of time that the law would presume a disallowance of the claim, or justify the action because of a failure to pay. The board, after the presentation of the claim, was entitled to a reasonable time in which to determine what disposition should be made of it. *White v. Polk Co.*, 17 Iowa, 413. The question of what is a reasonable time is one for the jury; that is, one of fact. Id. In that case it is expressly held: "If the creditor presents his demand, and it is not allowed, after giving a reasonable time for deliberation, he may bring his action." If the fact was found, as to whether the time taken by the board to consider the claim was reasonable or not, the question of law, as to abating the action, could properly arise; and really, when the fact is found, the legal question is answered by the cited cases. From the concluding words of the certificate, there is some

reason to think the question of reasonable time is regarded as one of law.  If the inquiry is limited to the facts specified in the certificate, it is then not a matter about which minds might not differ, so as to be purely a legal question, but from those facts the conclusion is to be drawn, and that conclusion is the ultimate fact. If the evidence was to be considered, to learn whether or not the time was unreasonable to consider the claim, the conclusion is more apparent that it is one of fact. We are not permitted, in this class of cases, to determine questions of fact.  Our jurisdiction is limited to law questions upon facts established.  We are without jurisdiction in the case.  This conclusion renders it improper to consider a motion to tax certain costs. The appeal is *dismissed*.