224 So.2d 311 (1969)
Claude R. KIRK, Jr., Governor of the State of Florida, Petitioner,
v.
Paul BAKER, Judge of the Criminal Court of Record of Dade County, and James Lawrence King, Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondents.
No. 88374.
Supreme Court of Florida.
April 3, 1969.
As Amended on Denial of Rehearing April 15, 1969.
Gerald Mager, Tallahassee, for petitioner.
Carr & Warren, Miami, for Paul Baker.
Marion E. Sibley, Miami Beach, for James Lawrence King.
Eugene P. Spellman, Miami, for Richard E. Gerstein, State Attorney, intervenor.
PER CURIAM:
We consider an original proceeding in which Governor Kirk seeks a writ of mandamus or a writ of prohibition or "such other relief as may be available" against the respondents.
We are confronted by problems related to our own jurisdiction, as well as a contest between executive and judicial authority in the circumstances which we relate.
Out of the welter of confusion generated by charges and counter-charges, often unsupported by any record here, certain acceptable facts emerge.
Honorable Claude R. Kirk, Jr., is Governor of Florida. Honorable Paul Baker is the elected Judge of the Dade County Criminal Court of Record. Honorable James *312 Lawrence King is one of the twenty-two elected Judges of the Eleventh Judicial Circuit. Honorable Richard E. Gerstein is the elected State Attorney of the Eleventh Judicial Circuit.
There was pending before Judge Baker, Criminal Case No. 69-1580, in which one Max Diamond was charged with perjury for giving false testimony before a grand jury to the effect that State Attorney Gerstein participated in a meeting involving a fifteen hundred ($1500.00) dollar bribe. On February 17, 1969, Diamond's attorney filed a motion in the case asking Judge Baker to disqualify Mr. Gerstein and all of his assistants in the prosecution of Diamond. He also asked the Judge to join in a request to Governor Kirk to order an exchange of state attorneys with another circuit so that someone other than Gerstein would be there to prosecute the man accused of the perjury against Gerstein.
On February 25, 1969, Judge Baker entered an order holding Mr. Gerstein disqualified in the Diamond prosecution but expressing the view that he should not attempt to influence the Chief Executive by joining in a request to him as suggested by the defense attorney. Instead, Judge Baker, acting on his own motion and under Fla. Stat. § 32.17 (1967), F.S.A.,[1] appointed Honorable Hilton R. Carr, Jr., a member of the Miami Bar, as an acting State Attorney to prosecute Diamond.[2]
*313 Then, on March 4, 1969, Governor Kirk, acting under Fla. Stat. § 27.14 (1967), F.S.A.,[3] transferred Honorable Gordon G. Oldham, State Attorney for the Fifth Circuit to the Eleventh Circuit "to discharge all the duties of the State Attorney of the Eleventh Judicial Circuit including but not limited to the prosecution of the aforementioned [Diamond] cases and the presentation of matters before the Grand Jury * * *." The Governor at the same time transferred Mr. Gerstein to the Fifth Circuit "to discharge all of the duties of the State Attorney * * * until the aforesaid cases mentioned [Diamond] are entirely disposed of * * *."[4] (e.s.) In *314 other words, the two State Attorneys, elected by their separate circuits, were exchanged for an indefinite period depending on the exigencies of the total disposition *315 of stated criminal cases. They were not transferred merely to enable Mr. Oldham to handle those cases. They were exchanged for an indefinite period contingent upon the ultimate duration of those cases. The Governor stated that the transfer was made to accomplish the orderly disposition of the cases mentioned and "for other good and sufficient reasons made known to me," adding, "I think the ends of justice would best be subserved by exchanging the attorney for the Fifth Judicial Circuit, until the aforementioned cases are entirely disposed of. * * *"
On March 4, 1969, the same day the Governor entered the above Executive Order, Judge Baker entered another order[5] *316 purporting to declare the Governor's order "void as a matter of law."
To add further complications, on March 5, 1969, Honorable Earl Faircloth, as Attorney General of Florida, filed a petition in the Circuit Court of Dade County to determine the proper State Attorney to prosecute cases in that Court and to advise the grand jury. Alternatively, he asked for a Declaratory Judgment under Fla. Stat. ch. 86, F.S.A. Defendants named were Governor Kirk, Mr. Gerstein and Mr. Oldham. The case was assigned to respondent, Honorable James Lawrence King, one of the judges of said Circuit Court. On March 5, 1969, Judge King entered a constitutional writ to remain effective until further order. Judge King enjoined the Governor from suspending or removing Gerstein for failure to obey the transfer order of March 4, 1969, and enjoined all parties from doing any act which would impair the court's jurisdiction over the parties.
On March 7, 1969, Governor Kirk filed the proceeding now before us. His prayer is that we prohibit Judge Baker from exercising any jurisdiction to enforce his own order of March 4, 1969, invalidating the Governor's transfer order; that a writ of mandamus be issued requiring Judge Baker to vacate his said order of March 4, 1969; that Judge King be prohibited from proceeding further in the suit filed by the Attorney General and that Judge King be required to vacate the constitutional stay writ.
As to Judge Paul Baker

(a) Prohibition.
We take jurisdiction of the petition for prohibition against Judge Baker, pursuant to the provisions of Art. V, Section 4(2) of the Florida Constitution which vests jurisdiction here to issue writs of this nature in all cases where "questions are involved upon which a direct appeal to the supreme court is allowed * * *." Under the same article, appeals may be prosecuted to this Court from final judgments "construing a controlling provision of the Florida * * * constitution."
The decision of Judge Baker, under our decisions, constitutes a construction of Article II, Section 3, and Article IV, Section 1(a). Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959). Judge Baker asserts that under Armstrong v. City of Tampa, 106 So.2d 407 (Fla. 1958), the judgment did not undertake "to explain, define or otherwise eliminate existing doubts arising from the language or terms of the constitutional provision," and that therefore we were without jurisdiction. So far as the quoted language from Armstrong is concerned, in a later case, Board of County Commissioners v. Boswell, 167 So.2d 866 (Fla. 1964), we said in footnote 3:
"The review by appeal in Dade County, et al., v. Mercury Radio Service, Inc., Fla. 1961, 134 So.2d 791, appears to be ample authority on the jurisdictional issue. In that case, as in this, the conclusion of the trial court (that the ordinance was invalid) rested simply upon a reference to that provision of the home rule amendment which preserves the superiority of state statutes. This and other decisions have to that extent qualified the earlier requirement in Armstrong v. City of Tampa, Fla. 1958, 106 So.2d 407, that the decree undertake to explain or define the constitutional language."
In an opinion since Boswell, we referred to Armstrong as authority on this question *317 [Callendar v. State, 181 So.2d 529 (Fla. 1966)]. But insofar as this particular point is concerned, Armstrong is no longer controlling.
The Governor is vested with Supreme Executive power under the Constitution  Article IV, Section 1(a). It is his duty under this article to "take care that the laws be faithfully executed." The statute, Fla. Stat. § 27.14 (1967), F.S.A., implements this power and is clearly within the power of the Legislature to enact  Stone v. State, 71 Fla. 514, 71 So. 634 (1916); also see Johns v. State, 144 Fla. 256, 197 So. 791 (1940); and Hall v. State, 136 Fla. 644, 187 So. 392 (1939). The exercise of the power and the performance of the duty under the Constitution and this statute is clearly essential to the orderly conduct of government and the execution of the laws of this State. The essential portions of the order of transfer of March 4th are clearly within the provisions of the statute and constitute a lawful exercise of the Supreme Executive power of this State by the Governor. Such executive order insofar as it orders the transfer of States Attorney Oldham to the 11th Circuit and orders States Attorney Gerstein to the Fifth Circuit for the periods therein mentioned is beyond question by the Court. State ex rel. Bisbee v. Drew, 17 Fla. 67 (1879). In this case we held that such an order is exclusively within the orbit of authority of the Chief Executive when exercised within the bounds of the statute. That portion of such executive order with reference to the competency of Daniel S. Pearson, and that portion of such executive order purporting to authorize States Attorney Oldham to prosecute cases involved in the order of Judge Baker of February 25th (Cf. In Re Advisory Opinion to the Governor, 213 So.2d 716 (Fla. 1968) is clearly beyond any authority given the Governor under the statute and is void. The order exchanging Oldham for Gerstein in nowise vitiates the order of Judge Baker appointing Hilton Carr, who has exclusive authority to prosecute the cases involved.
We conclude, therefore, that subject to the reservations above, the executive order of transfer of March 4 of Governor Kirk is valid, and that such executive order supersedes and renders nugatory and of no effect the previous executive order of January 13, 1969, assigning Russell B. Clarke to said eleventh judicial circuit in connection with a special investigation and the previous executive order of February 24, 1969, assigning Zell Davis, Jr., States Attorney of the Fifteenth Judicial Circuit and Joel T. Daves, III, Assistant States Attorney of the Fifteenth Judicial Circuit, to investigate organized crime and the conduct of public officials which may constitute a violation of the criminal laws of this State, and vests exclusively in Oldham all the powers of the States Attorney of the Eleventh Judicial Circuit of Florida for the period of time named in such executive order; that the order of Judge Baker of March 4th constitutes an exercise of authority not possessed by him and that such order is hereby held null and void, frustrate and of no effect. In view of this holding we deem it unnecessary at this time to enter any coercive order relating to the same. Moreover, in view of this disposition of this question, we find no useful purpose to be served by discussing the question raised by the Governor as to the proper procedure for testing the authority of an assigned States Attorney.
We now direct our attention to Judge Baker's order of the 25th of February. This order was entered pursuant to Fla. Stat. § 32.17 (1967), F.S.A., supra. While the statute refers to the appointment of an acting County Solicitor, we hold the statute in this instance is clearly applicable to the appointment of an acting States Attorney, for in Dade County the office of County Solicitor no longer exists  such duties having been taken over by the States Attorney. Moreover, it is a universally accepted principle of law that such power of appointment is an inherent power of a court possessing criminal jurisdiction. No statute is necessary to the exercise of such *318 inherent power. King v. State, 43 Fla. 211, 31 So. 254 (Fla. 1901); White v. Polk County, 17 Iowa 413; Dukes v. State, 11 Ind. 557, 71 Am.Dec. 370; Keithler v. State, 10 Smedes & M. 192; Tesh v. Com., 4 Dana 522; State v. Johnson, 12 Tex. 231; State v. Gonzales, 26 Tex. 197.
We see no conflict between the order of Judge Baker of February 25 and the Governor's Executive Order of March 4. The Governor's power to transfer a States Attorney is entirely compatible with the Judges power to appoint an acting prosecutor where circumstances exist requiring such appointment. Due regard by the Executive and Judicial Branches of the powers and duties of the other in such instances will effectively preserve the power and authority of both.
The order of Judge Baker of the 25th of February is approved.

As to Judge King.
The Attorney General's suit is filed pursuant to the provisions of the Declaratory Judgment Statute, Chapter 86, F.S.A. The prayer is inter alia, that Judge King "determine the validity of the executive order of March 4, 1969, and Section 27.14 [Fla. Stat., F.S.A.], in the light of the constitutional provisions of Article V of the Constitution * * * and to determine who presently is the proper individual as between the defendants RICHARD E. GERSTEIN and GORDON E. OLDHAM to serve as State Attorney of the Eleventh Judicial Circuit * * *."
Our decision here disposes of all material questions presented in the Attorney General's suit. Passing on the question of our jurisdiction at this time appears to be unnecessary. We presume that upon the presentation of this decision to Judge King he will dissolve his constitutional stay order of March 5th and dismiss the petition. We reserve jurisdiction to entertain further proceedings in this matter if such becomes necessary to fully effectuate this decision.
In conclusion, we have given careful consideration to all pleadings and briefs herein, including the response of Richard Gerstein which we allowed filed and have considered as a petition to intervene and response.
Time for filing petition for re-hearing is limited to 5 days from the date this decision is filed in the Clerk's office.
It is so ordered.
ROBERTS, Acting C.J., and DREW, THORNAL, CARLTON, ADKINS and BOYD, JJ., concur.
PER CURIAM:
The Petition for Rehearing filed herein by Intervenor Richard Gerstein is denied.
The Petition for Rehearing and for clarification filed herein by Judge James Lawrence King is granted. The decision of this Court to which such petition is addressed is hereby amended, nunc pro tunc, April 3, 1969, by striking the first paragraph on page 6 of the original decision and inserting in lieu thereof the following:
"We conclude, therefore, that subject to the reservations above, the executive order of transfer of March 4 of Governor Kirk is valid, and that such executive order supersedes and renders nugatory and of no effect the previous executive order of January 13, 1969, assigning Russell B. Clarke to said eleventh judicial circuit in connection with a special investigation and the previous executive order of February 24, 1969, assigning Zell Davis, Jr., States Attorney of the Fifteenth Judicial Circuit and Joel T. Daves, III, Assistant States Attorney of the Fifteenth Judicial Circuit, to investigate organized crime and the conduct of public officials which may constitute a violation of the criminal laws of this State, and vests exclusively in Oldham all the powers of the States Attorney of the Eleventh Judicial Circuit of Florida for the period of time named in such executive order; that the order of Judge Baker of March 4th constitutes an exercise *319 of authority not possessed by him and that such order is hereby held null and void, frustrate and of no effect. In view of this holding we deem it unnecessary at this time to enter any coercive order relating to the same. Moreover, in view of this disposition of this question, we find no useful purpose to be served by discussing the question raised by the Governor as to the proper procedure for testing the authority of an assigned States Attorney."
As so amended and clarified, the decision herein of April 3rd is adhered to and affirmed.
It is so ordered.
DREW, CARLTON and ADKINS, JJ., concur.
ROBERTS, Acting C.J., concurs specially with opinion.
BOYD, J., concurs specially with opinion and agrees with ROBERTS, J.
ROBERTS, Acting Chief Justice (concurring specially):
I concur in the majority opinion. However, it is noteworthy that the legal effect of the Executive Order of transfer of March 4, 1969, was almost immediately stayed by a judgment of the Circuit Court in and for the Eleventh Judicial Circuit suspending the effect of such transfer order and which judgment remains in effect until dissolved by that court pursuant to the opinion of this court in this cause. Therefore, during the period of time that the Executive Order was and is suspended, the authority of the two state attorneys involved in their respective home circuits has remained and will remain intact.
ADKINS and BOYD, JJ., concur.
BOYD, Justice (concurring specially):
I agree with the majority view but feel that some further clarification should be made as to the legal effect of actions taken by Richard E. Gerstein, as State Attorney in the 11th Judicial Circuit, and by Gordon G. Oldham, in the 5th Judicial Circuit, subsequent to the entry of the Governor's transfer order and prior to the final conclusion of this litigation.
We have already held that the Governor's original transfer order directing the two State Attorneys to exchange places with each other was legally valid and, therefore, any action taken by either State Attorney under authority of said order and in compliance therewith is valid.
Although we have determined that the action of Judge Paul Baker, in attempting to limit the Governor's action, was ineffective except with respect to the suits relating to Diamond and Edwards, it was nevertheless proper for Richard E. Gerstein and Gordon G. Oldham, as members of the Florida Bar and as public officials, to respect and comply with said order and it was their further duty to respect and comply with the order of Judge James Lawrence King mentioned in the original proceeding which had the actual effect of enjoining Richard E. Gerstein from acting in the 5th Judicial Circuit as State Attorney and enjoining Gordon G. Oldham as acting as State Attorney in the 11th Judicial Circuit.
Since we have determined that the Governor's original order was valid, we have now a situation in which Gordon G. Oldham was claiming the right to act as State Attorney in the 11th Judicial Circuit by Executive Order and Richard E. Gerstein was claiming the right to the same office under the order of Judge James Lawrence King and each was in effect serving and performing the duties of State Attorney in his own circuit wherein he was elected by popular vote. Since each claimed under color of law, and since we have held that the Governor's transfer order was partially ineffective insofar as the Diamond suit and the Edwards suit, this Court should hold that all action taken by either Richard E. Gerstein or Gordon G. Oldham in either *320 Judicial Circuit mentioned above is legal, and the actions taken by either of them between the date of the Governor's transfer order and the conclusion of this litigation will have full legal effect.
NOTES
[1] "Appointment of Solicitor by the Judge.  Whenever there shall be a vacancy in the office of county solicitor in any of the counties of this state in which a criminal court of record is established, either by reason of nonappointment or otherwise, or if a county solicitor shall not be present at any term of the court, or, being present, shall from any cause be unable to perform the duties of his office, the judge of said court shall have full power to appoint a county solicitor from among the members of the bar with the consent of such member so appointed, to whom shall be administered an oath to faithfully discharge the duties of county solicitor, and who shall have as full and complete authority, and whose acts shall be in all respects as valid, as a regularly appointed county solicitor. He shall sign all informations and other papers as acting county solicitor. The power of said appointee shall cease upon the filling of said office by appointment or upon the ability of the county solicitor to perform the duties of his office, a note of which shall be entered upon the minutes of the court. The compensation of such appointee shall be the same as that of the regularly appointed county solicitor, and shall be paid by the regular county solicitor, and not by the county or state, in those cases in which the temporary appointment is made by reason of the absence, inability or disqualification of the regular county solicitor."
[2] The full text of this Order is:

"THIS CAUSE originally came on for hearing on the Defendant's motion to disqualify the State Attorney and the Office of the State Attorney of the 11th Judicial Circuit on the grounds that the State Attorney and his Assistants were interested parties to the case at bar.
"The Court after hearing the argument of counsel and reading the motion determined that the form of the motion was without warrant of law inasmuch as it requested the Court to join in a request for the performance of an executive function that by virtue of the motion as drafted was solely within the province of the Governor.
"The Court after denying the motion on the grounds aforesaid, was given a copy of a letter dated the same day as the argument on the motion, said letter being addressed to the Governor over the signature of counsel for the Defendant and containing accusations which, if true, would be prejudicial to the orderly administration of justice if the case at bar were prosecuted by the State Attorney or any of his regular and duly appointed Assistants.
"The Court therefore on its own motion and under the authority of Chapter 32.17 Florida Statutes [F.S.A.], and having considered the advisory opinion to the Governor, 10 So.2d 926.
"ORDERS that RICHARD E. GERSTEIN, State Attorney in and for the 11th Judicial Circuit of Florida, and his duly appointed Assistant State Attorneys, investigators and other persons regularly employed by the Office of the State Attorney in and for the 11th Judicial Circuit of Florida, be forthwith disqualified from representing the State of Florida in the above-styled case.
"It is further,
"ORDERED that DANIEL S. PEARSON be exempted from this Order and continue as a Special Assistant State Attorney since it appears to the Court that he is not a regular Assistant but was appointed as an accommodation to the Dade County Grand Jury in order that he might have the official standing to conduct the business of the Grand Jury.
"It is further,
"ORDERED that HILTON R. CARR, JR., ESQ. be appointed acting State Attorney for the purpose of directing the prosecution in the instant case independent of the present State Attorney or any member of his office.
"It is further,
"ORDERED that the files of the State Attorney regarding the instant case be forthwith delivered to the office of HILTON R. CARR, JR., ESQ. and that all proceedings concerning the instant case before the Dade County Grand Jury be made available to HILTON R. CARR, JR., ESQ. in his official capacity as acting State Attorney in and for the 11th Judicial Circuit of Florida regarding the case at bar.
"It is further,
"ORDERED that HILTON R. CARR, JR., ESQ. be empowered to employ such additional counsel or investigators as in his judgment he deems necessary for the effective representation of the State of Florida provided however that no such person employed be in any way associated with the Office of the State Attorney or previously employed by the Office of the State Attorney during any of the administrations wherein RICHARD E. GERSTEIN has been the duly elected and constituted State Attorney in and for the 11th Judicial Circuit of Florida."
[3] "Assigning State Attorneys to other Circuits.  If any state attorney shall be disqualified to represent the state in any case pending in the circuit court of his circuit, or if for any reason the governor of the state thinks that the ends of justice would be best subserved by an exchange of state attorneys, the governor may require an exchange of circuits or of courts, in any of the counties of this state between such state attorney and any other state attorney of the state, or may assign any state attorney of the state to the discharge of the duties of state attorney in any circuit of the state, at any regular or special term of the circuit court."
[4] The full text of this Executive Order is:

"WHEREAS, there are pending in the Criminal Court of Record of Dade County, Florida, three cases, namely, State of Florida vs. Howard C. Edwards, Case No. 685930, State of Florida vs. Max Diamond a/k/a Mike Diamond, Case No. 685930, State of Florida vs. Max Diamond, a/k/a Mike Diamond, Case No. 691580, all of which cases may involve testimony of Richard E. Gerstein, State Attorney for the Eleventh Judicial Circuit in and for Dade County, Florida and in which cases the said Richard E. Gerstein may be a principal witness for the State by reason of the fact that these cases arise out of an alleged false accusation made against the State Attorney of accepting a bribe involving the official conduct of his office, and
"WHEREAS, it further appears that Daniel S. Pearson has heretofore been appointed as Assistant State Attorney to be special counsel to the Grand Jury during the investigation of the charges involved herein and is now assisting in the prosecution of these cases and further, according to Article V, Section 9B of the Constitution and Section 27.181, Florida Statutes [F.S.A.] the said Daniel S. Pearson must perform `under the direction' of the State Attorney and further it being a basic principle of law that as Assistant State Attorney, he is not permitted to act when his principal cannot act, and
"WHEREAS, it further appearing that motions have been filed in the above-mentioned cases by the attorney representing the defendants therein requesting disqualification of the State Attorney of the Eleventh Judicial Circuit and all of his assistants, including Assistant State Attorney Daniel S. Pearson, said motions setting forth numerous grounds, and
"WHEREAS, in addition to such motions, a written request has been made to the Governor by the Attorney in the aforesaid cases calling for disqualification of the State Attorney and his assistants citing, among several grounds, the following reasons:
"It is obvious that Richard E. Gerstein has a personal interest in the outcome of this prosecution and in convicting the accused; he is the supposed injured party. His testimony will be material in behalf of the State; he will be called upon at the trial, as he was before the Dade County Grand Jury, as a witness.'
and
"WHEREAS, in regard to the Diamond cases, the Honorable Paul Baker, Judge of the Criminal Court of Record, on February 25, 1969, has determined that the reasons set forth in the aforesaid letter addressed to the Governor of the State of Florida from the Attorney representing the Defendants in said cases, set forth, `accusations which, if true, would be prejudicial to the orderly administration of justice if the case at bar were prosecuted by the State Attorney or any of his regular and duly appointed assistants' and therefore, were sufficient for the court to enter an Order disqualifying the State Attorney and his office from prosecuting the Diamond cases, and
"WHEREAS, in addition to such findings, the order included an appointment of an acting State Attorney under the authority of Section 32.17, Florida Statutes [F.S.A.], which section relates to the appointment of an Acting Solicitor and makes no mention of an acting State Attorney thereby raising a question as to the power of such acting prosecutor to undertake the prosecution of the Diamond cases, and
"WHEREAS, although, the grounds for disqualification cited in the Diamond cases as heretofore mentioned are similar to those cited in the Edwards case, a request for disqualification has been denied by the court in the Edwards case, and
"WHEREAS, in the abundance of caution and further to remove any suggestion of impropriety or conflict, it is in the best interest of the State of Florida and the defendants charged in the above-styled cases that any possible adverse influence that may be exerted by the existing State Attorney's Office of the Eleventh Judicial Circuit be removed from consideration in the prosecution of these cases and in order to remove any impediment to the prosecution of the aforementioned cases and to provide for a consolidated, coordinated and orderly disposition of such cases, and for other good and sufficient reasons made known to me, I think the ends of justice would best be subserved by exchanging the State Attorney of the Fifth Judicial Circuit, until the aforementioned cases are entirely disposed of;
"NOW, THEREFORE, I, Claude R. Kirk, Jr., Governor of the State of Florida, acting under and by virtue of the authority vested in me by the Constitution and the laws of the State of Florida, including but not limited to Section 27.14, Florida Statutes [F.S.A.], do hereby assign, authorize and empower the Honorable Gordon G. Oldham, Jr., State Attorney of the Fifth Judicial Circuit of the State of Florida to proceed to the Eleventh Judicial Circuit of the State of Florida, forthwith, and thereafter at any regular and special term of court in the Eleventh Judicial Circuit of the State of Florida now being held or to be held, to discharge all the duties of the State Attorney of the Eleventh Judicial Circuit, including but not limited to the prosecution of the aforementioned cases and the presentation of matters before the Grand Jury and in furtherance thereof the said Gordon G. Oldham, Jr., under and by virtue of the authority hereof is hereby vested with all and singular the powers and prerogatives conferred by the Constitution and laws of the State of Florida upon State Attorneys acting by virtue of an order of the Governor of the State of Florida; and I do further hereby assign, authorize and empower the Honorable Richard E. Gerstein, State Attorney of the Eleventh Judicial Circuit to proceed to the Fifth Judicial Circuit of Florida forthwith and thereafter at any regular or special term of the court of the Fifth Judicial Circuit now being or to be held, to discharge all of the duties of the State Attorney of the Fifth Judicial Circuit of Florida until the aforesaid cases mentioned are entirely disposed of, and in furtherance thereof, the said Richard E. Gerstein, under and by virtue of the authority hereof and of the laws is hereby vested with all and singular the powers and prerogatives conferred by the Constitution and laws of the State of Florida upon State Attorneys acting by virtue of an order of the Governor of the State of Florida.
"All officials and citizens in each judicial circuit of the State are hereby requested to cooperate with the said Gordon G. Oldham, Jr. and Richard E. Gerstein and shall render whatever assistance is necessary to the end that justice may be served.
"This Order shall take effect on March 4, 1969 at 10 a.m. and shall remain in full force and effect through and including May 4, 1969 unless otherwise revoked or extended."
[5] "THIS CAUSE came on before this Court, in camera, after review of an executive order dated March 4, 1969 and signed by the HONORABLE CLAUDE R. KIRK, JR., Governor, said executive order relating to Criminal Court Cases 68-5930 and 69-1580.

"This Court has reviewed the executive order of the Governor and finds as follows:
"1. The executive order questions the authority of this Court under Section 32.17 to appoint an acting State Attorney. This Court finds that the question presented in the executive order is not a proper question for determination by the Executive Branch of the Government but, rather, by the Judiciary.
"2. The Court finds that the Offices of County Solicitor and State Attorney have been merged into one prosecuting office in and for the 11th Judicial Circuit, and that the State Attorney of the 11th Judicial Circuit of the State of Florida is the Prosecuting Attorney of the Criminal Court of Record. Section 9(B) Article V, Constitution of the State of Florida [F.S.A.].
"3. The Court finds that under Chapter 32.05, Florida Statutes Subsection 3, the following provision exists, said provision relating to the powers and duties of Judges of the Criminal Court of Record:
`The said judge shall have the same powers, duties and obligations in the administration of the criminal laws as are exercised by, and imposed upon, the judges of the Circuit Courts.'
"4. That since there is no County Solicitor as such in and for Dade County, Florida, by virtue of the powers and duties hereinabove cited relating to the Criminal Courts of Record, said Criminal Court may exercise the same discretion as a Circuit Court under Section 27.16 Florida Statutes [F.S.A.], which provides for the appointment of Acting State Attorneys.
"5. This Court under the authority of Pelaez v. State, 144 So. 364, has the authority to appoint an acting `Prosecuting Attorney' to act under either Section 32.17 Florida Statutes, or 27.16 Florida Statutes.
"6. This Court finds that the executive order issued by the HONORABLE CLAUDE R. KIRK, JR., Governor of the State of Florida, exchanging State Attorneys refers specifically to cited cases and that said order was issued pursuant to Section 27.14, Florida Statutes. However, this Court further finds that the executive order of the Governor is an expansion of the order of this Court dated February 25, 1969, and under the doctrine of the separation of powers is an invasion by the Executive Branch of Government upon the functions of the Judiciary and is, therefore, without warrant of law.
"7. This Court finds that the executive order dated March 4, 1969 issuing from the Office of the Governor of the State of Florida has the force and effect of placing the Chief Executive of this State in the position of an `Appellate Court' to review, change and expand orders of this Court, which function may be exercised solely by the proper constitutionally created Appellate Courts within the judicial structure of Article V of the Constitution of the State of Florida.
"8. This Court further finds that the executive order of the Governor of the State of Florida exchanging the State Attorney of the 11th Judicial Circuit with the State Attorney of the 5th Judicial Circuit is without merit, warrant of law, and, as worded, is unconstitutional. The Court finds that the Chief Executive has acted in an arbitrary and capricious manner and has, by his actions, placed himself above the Courts.
"It is therefore,
"ORDERED that the executive order of the Governor of the State of Florida dated March 4, 1969, relative to the exchange of State Attorneys between the 11th and 5th Circuits be and the same is hereby declared null and void as a matter of law.
"DONE AND ORDERED in Chambers, at Miami, Dade County, Florida, this 4th day of March, 1969."