DREW, Justice, Retired
(dissenting).
The Legislature, in enacting Section 32.-17 F.S.A., not only vested in the judge the power to appoint an acting prosecutor in certain designated instances but provided the manner in which he was to be compensated. It also made it clear that it was only with the consent of the person designated that such appointment could be made. These conditions were known by Mr. Carr when he accepted this appointment. The method of compensating is a cumbersome one. And, I recognize the fact that the amount that he would be ultimately paid would probably be inconsequential. Attorneys are officers of the courts, however, and since the earliest days have been expected to, and have, rendered many services without any expectation of compensation or for only token compensation. For decades the lawyers of this State represented indigents charged with capital offenses for the statutory fee of $50.00[1] and so far as my research reveals, the books do not record any instance of a refusal to accept such an appointment. Surely the responsibility of defending one charged with such an offense is as great or greater than the duties and responsibilities of the prosecution. I am in complete accord with the thought that this is an area in which legislation is needed but our duty is to interpret the law as we find it— not to try to remedy what is obviously a cumbersome statute. I am convinced, however, that the Legislature, in enacting a new statute, would prescribe the amount of allowable fees or place definite safeguards in the amount which could be allowed, as they have done for those appointed by the court to defend an indigent in Chapter 70-339, Acts of 1970, supra note 1.
The constitutional power and responsibility of providing compensation for state or county officers — action involving the appropriation of public funds — is one peculiarly and exclusively in the legislative branch of government. When that branch acts, the question of the inherent power of courts to appoint acting prosecuting officers where essential to the proper functioning of the court referred to in passing in Kirk v. Baker, 224 So.2d 311 (Fla.1969) is not in any way involved.[2]
The reliance by the majority on the quoted sections of Chapter 142 F.S.A. is clearly misplaced. These statutes are remnants of statutes enacted in the days when most, if not all, county officers were primarily compensated by fees. For example, Section 5987 R.G.S. 1920, fixed the salary of the county prosecutor at $400 per year “and $5.00 for each conviction.” Sheriffs, circuit clerks, tax assessors and collectors and many other officials were also paid primarily by fees prescribed by law which they retained. When these statutes refer to “fees of officers” they clearly have reference to the fees fixed by law for particular services of such officers as sheriffs, prosecutors, etc. These fees were a matter of simple calculation. They were assessed as were other prescribed costs, and were properly considered as such, and are so treated in the statute. Periodically, in those instances where the fees were to be paid by the county instead of by the defendant, taxpayer or other person receiving the service, the county officer present *868 ed a fee bill to the Board of County Commissioners for approval — and that is what these statutes regulate. They are not even remotely germane to the question presented in this case.
This cumbersome law presents no major problem in the administration of justice in this State. It should be rarely necessary to appoint special prosecutors in this era. Our statutes make suitable provision for transferring regularly appointed prosecutors from other areas where the occasion should arise in which the local official is disqualified or unable to act and this should ordinarily be the method used.
For these reasons I respectfully dissent.

. See R.G.S. 1920, See. 6070 — raised to $100 in 1939 and to $750 in 1970 by See. 70, Ch. 70-339, Acts 1970.

. The “inherent power” discussion there involved solely the power to appoint — • not provide compensation for- — such an officer.