OWEN, Judge.
Appellant, owner and holder of a promissory note in the original principal sum of $250,040.00, brought an action against the appellees as makers of the note to recover the principal balance due of $150,040.00, plus interest, costs and attorneys’ fees. Appellant recovered a judgment in the amount of $529.88, plus attorneys’ fees, from which he appeals.
The appellees had executed the note in question as part of the purchase price of certain real property, securing the same by a purchase money third mortgage on the property. Appellees subsequently sold the property, their vendee assuming the three existing mortgages and executing a fourth mortgage. Through mesne assignments appellees’ note (and the third mortgage securing it) came into the hands of appellant.
Thereafter, the second mortgage became in default and foreclosure proceedings were instituted. Appellant, claiming the right of redemption, purchased the second mortgage for $201,644.34 and obtained a court order substituting him as plaintiff in the foreclosure suit. In due course, the foreclosure suit proceeded to a sale under F.S. chapter 702, F.S.A., and appellant, for a successful bid of $1,000.00 acquired the property which at that time had a fair market value of $425,000.00.
The decree of foreclosure extinguished the second, third and fourth mortgages on the property, and appellant immediately proceeded to acquire the first mortgage at a cost of $60,467.25. At the time of the foreclosure sale there had been due on appellees’ note for principal and interest the sum of $162,418.30. Thus, appellant’s stake in the property was this amount, plus the sum of $262,111.59 which appellant had paid to redeem the first and *271 second mortgages, plus the $1,000.00 bid at the foreclosure sale,[1] an aggregate figure of $425,529.89, or $529.89 in excess of the fair market value of the property which appellant acquired at the foreclosure sale.
When appellant filed the instant suit on the note, appellees asserted (as an equitable defense) that by virtue of the prior foreclosure proceedings under which appellant had acquired the legal title to the real property against which the third mortgage had been a lien, appellees were equitably entitled to a credit against their obligation to the extent that the fair market value of the property at the time of foreclosure sale exceeded the aggregate amounts then due on the first and second mortgages. After a full hearing the court found the facts set forth above, upon which the court concluded that appellees were entitled to a pro tanto credit in accordance with their equitable defense, thus leaving them obligated to appellant only to the extent of $529.89.
While appellant has posed several points on this appeal, we think the decisive point may be phrased as follows:
“When the holder of a third mortgage exercises his right of redemption and proceeds to foreclose the second mortgage, purchasing the real estate at foreclosure sale held under § 702.02, F.S. [F.S.A.], and subsequently brings an action on the mortgage note, is the third mortgagor entitled to assert as an equitable defense, in full or pro tanto, as the case may be that the property had a fair market value at time of foreclosure sale in excess of the sum of the prior encumbrances ?”
In our view the question should be answered in the affirmative on the authority of R. K. Cooper Construction Co. v. Fulton, Fla.1968, 216 So.2d 11; Symon v. Charleston Capital Corp., Fla.App.1970, 242 So.2d 765; Bobby Jones Garden Apts. v. Connecticut Mut. Life Ins. Co., Fla.App.1967, 202 So.2d 226; and Kurkjian v. Fish Carburetor Corp., Fla.App.1962, 145 So.2d 523.
The factual findings of the trial court being amply supported by the record, and the court having applied the proper principle of law, the judgment is affirmed.
CROSS and MAGER, JJ., concur.

. Although neither party questions on this appeal the inclusion of $1,000.00 bid at foreclosure sale as part of appellant’s cost of acquiring the property, it would appear doubtful that this amount should have been included since, if paid at all, as proceeds of the sale it should have been disbursed to appellant to apply on the indebtedness, thus effecting a washout of this item.