273 So.2d 391 (1973)
Henry T. OGLE, As Trustee, Appellant,
v.
Arthur D. PEPIN et al., Appellees.
No. 41761.
Supreme Court of Florida.
February 21, 1973.
Norman Bie, Jr., Clearwater, for appellant.
T. Paine Kelly, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
DEKLE, Justice.
This cause comes to us upon a full appeal claiming jurisdiction on the basis that the decision of the Fourth District Court of Appeal at 253 So.2d 270 was a decision "initially and directly ... construing a provision of the state ... constitution." Fla. Const. art. V, § 3(b)(1) (1973), F.S.A. So, we must decide at the outset this jurisdictional question to see if we have the authority to entertain this appeal.
The case generally involves an action on a mortgage note with an equitable defense being sustained for a credit to appellees-mortgagors on the balance due to the extent *392 of the full fair market value of the property at the time of an earlier foreclosure sale (instead of the lower actual bid in that earlier foreclosure). An appeal followed in the Fourth District. During the proceedings before the district court, two constitutional questions pertaining to alleged impairment of the obligation of contracts (Fla. Const. art. I, § 10) and denial of equal protection of the law (Fla. Const. art. I, § 2) were raised for the first time. Notwithstanding, the affirming decision of the district court did not discuss or refer to any constitutional provision or argument. In his appeal here appellant suggests as a basis for our jurisdiction that the district court "inherently" construed these provisions in our state constitution. This contention dictates at the inception a discussion and a definitive decision concerning the nature of our appeal jurisdiction in this respect. An analysis of this jurisdictional question convinces us that the applicability or inapplicability of the inherency doctrine to the present factual situation will settle the entire appeal.
We enunciated the inherency doctrine as a basis for establishing our appeal jurisdiction in Evans v. Carroll, 104 So.2d 375 (Fla. 1958), and shortly thereafter amplified its meaning in Harrell's Candy Kitchen v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959). Those landmark decisions applied the inherency doctrine to "final judgments or decrees directly passing upon the validity of a state statute." (emphasis added) The question therefore arises as to whether the inherency doctrine applies to the aspect of our appeal jurisdiction involved in the present case, i.e., "decisions ... initially and directly ... construing a provision of the state... constitution." (emphasis added)
In determining whether the inherency doctrine applies in this further area, we must examine the key word, "construing." Did the district court's decision construe a constitutional provision? By definition it is apparent that some language is essential to construe a provision. In judicial terminology we defined "construing" in its constitutional sense in the case of Armstrong v. City of Tampa, 106 So.2d 407 (Fla. 1958). As Armstrong puts it, an opinion or judgment does not construe a provision of the constitution unless it undertakes: (p. 409)
"... to explain, define or otherwise eliminate existing doubts arising from the language or terms of the constitutional provision."
This rationale, quite clearly, collides with the inherency doctrine. To apply the inherency doctrine in this cause, we would be saying that a judgment in itself can inherently construe a provision of our constitution without reference to it. In other words, the decision need not discuss, explain or refer to any constitutional provision; it is sufficient if it is "inherent" in the case. Upon a thorough examination of these divergent viewpoints, we have concluded that the Armstrong rule, as distinguished from the inherency doctrine relative to a statute, should apply to trial court orders and district court decisions "construing a controlling provision of the state or federal constitution."
We are of course aware of the limited qualification of the Armstrong rule in footnote 3 of Board of County Commissioners of Dade County v. Boswell, 167 So.2d 866 (Fla. 1964), holding that final judgments referring to a controlling constitutional provision without any further explanation are sufficient to invoke this Court's appeal jurisdiction under judgments construing the constitution, and the outright departure from the Armstrong rule in Kirk v. Baker, 224 So.2d 311 (Fla. 1969). The decision in Kirk involved appeal jurisdiction from a trial judge's order declaring a governor's executive order unconstitutional. We took jurisdiction even though the final judgment did not discuss or refer to any controlling constitutional provision. In specifically receding from the Armstrong rule and relying on Harrell's *393 Candy Kitchen, we said, in effect, that the judgment inherently construed controlling constitutional provisions in Fla. Const. art. II, § 3 (Separation of Powers), and art. IV, § 1 (a) (Gubernatorial Powers). We should not have referred to Harrell's Candy Kitchen in this context and to that extent we hereby recede from such reference or application as reaching over to the construing by implication of a constitutional provision. The inherency doctrine as formulated in Evans and Harrell's Candy Kitchen is limited to judgments and decisions passing upon a state statute. In cases claiming that a decision construed the constitution, we adhere to the Armstrong rule.[1]
Based upon the foregoing, we do not have jurisdiction to decide this appeal because the decision below failed to explain or define any constitutional terms or language as required by the Armstrong rule revitalized here.
Appellee's earlier motion to dismiss this appeal for lack of jurisdiction should have been granted. Our earlier order denying the motion is hereby revoked and annulled and said motion is now granted and the
Appeal dismissed.[2]
It is so ordered.
CARLTON, C.J., ROBERTS, BOYD and McCAIN, JJ., and SPECTOR, District Court Judge, concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
I see little reason for a limitation of the inherency doctrine so it will hereafter only apply to reviews of decisions initially passing on the validity of statutes but not to reviews of decisions initially construing controlling provisions of the constitutions.
If the result of a judgment obviously is predicated upon a lower court's implied understanding of the meaning or intent of a constitutional provision although not directly expressed in the language of the judgment, the inherency doctrine would appear to be applicable similarly as in the case where the validity of a statute is silently passed upon. In this matter I fear we are looking to the letter and not to the spirit of the law  conjuring up a technical barrier to exercise of our constitutional jurisdiction to review on the supposition that if we do not we will be swamped by many unauthorized petitions. It appears to me we should do as we have been doing under the inherency doctrine: look to the obvious result of what was decided below in a case in the light of the issues raised and passed upon. If it is obvious a construction of a controlling constitutional provision is implicit in the judgment below, that should be determinative of our jurisdiction.
Throughout the years we have found it necessary to review decisions below (whether for conflict, passing on validity of statute, construction of controlling constitutional provision, etc.) which obviously by their nature fell within our constitutional review jurisdiction although such decisions did not by apt words therein indicate we had review jurisdiction; we looked to the issues unquestionably passed upon, the record proper or the judgment result itself. We concluded in those cases that the absence of jurisdictional language in the judgment or decision itself, whether deliberate or inadvertent should not technically frustrate our duty to review.
*394 We should be ever loath to set up technical bases for refusing to exercise our review jurisdiction. We have a duty to look through form to substance in discharging our constitutional review jurisdiction and render ultimate justice in a cause.
The belief that unless we set up technical barriers of the kind proposed herein we will be swamped with an overload of petitions for review taxing our energies beyond our physical ability is an unrealistic chimera. We have not been so taxed in the past. In any event, we should never allow our personal fears of overwork or fatigue to have precedence over our duty to exercise our constitutional review jurisdiction.
NOTES
[1] Even though we receded from the Armstrong rule in Kirk v. Baker, 224 So.2d 311 (Fla. 1969), that rule continued to find vitality in Holbein v. Rigot, 245 So.2d 57 (Fla. 1971), when Mr. Justice Ervin, speaking for this Court, relied on the Armstrong rule in saying that a district court's decision construed our constitution.
[2] We recognize that an appeal improvidently taken in this Court shall be treated under Fla. Stat. § 59.45, F.S.A., as a petition for writ of certiorari. Nevertheless, this procedure is unnecessary here because we have already denied a certiorari petition in this case. 257 So.2d 562 (Fla. 1972).