ALDERMAN, Justice,
dissenting.
This case comes to us on direct appeal on the basis that it construes a provision of the Florida Constitution within the contemplation of article V, section 3(b)(1), Florida Constitution. Although I would agree with the majority’s resolution of the merits, I dissent from the opinion because we have no jurisdiction of this cause. The trial court, in entering summary judgment for appellees, did not construe a provision of the constitution but merely applied article VIII, section 6, Florida Constitution, in its order, the trial court said:
THIS MATTER coming on to be heard, on the first day of August, 1978, after due notice, upon the motion of the Defendant, St. Johns County, Florida, for a *1280 Summary Judgment on the ground that there is no genuine issue as to any material fact, and the joinder in said motion by the Defendant, Flagler Hospital, Inc., a non-profit corporation, and the Court having heard argument of counsel for the respective parties, it is upon consideration thereof,
ORDERED AND ADJUDGED as follows:
1. That under the home rule provisions of Article VIII, Section 6, of the Florida Constitution, St. Johns County may amend Chapter 65-2173, House Bill Number 28, Special Acts of Florida, by local ordinance.
2. That the contract for ambulance service between St. Johns County, Florida, and Flagler Hospital, Inc., a non-profit corporation, is a valid contract, not required to be let by competitive bidding, and is in accord with local Ordinance 77-10 of St. Johns County, Florida.
3. That the purchasing policy of St. Johns County, Florida was not adopted by the Board of County Commissioners, and is not binding on their actions.
The court’s statement in paragraph one of the ordering portion of the summary judgment is not a construction as we have defined that term in Ogle v. Pepin, 273 So.2d 391 (Fla. 1973), wherein we said:
By definition it is apparent that some language is essential to construe a provision. In judicial terminology we defined “construing” in its constitutional sense in the case of Armstrong v. City of Tampa, 106 So.2d 407 (Fla. 1958). As Armstrong puts it, an opinion or judgment does not construe a provision of the constitution unless it undertakes: (p. 409)
“. . .to explain, define or otherwise eliminate existing doubts arising from the language or terms of the constitutional provision.”
273 So.2d at 392.
The judgment before us does not explain or define any constitutional terms or language, and we are therefore without jurisdiction in this cause.
ENGLAND, C. J. and OVERTON, J., concur.